[Civ. No. 4833. First Appellate District, Division Two.—December 6, 1923.]

## CHARLES M. WILSON et al., Petitioners, v. ROBERT EDGAR, Respondent.

[1] MUNICIPAL CORPORATIONS — BERKELEY — ZONING ORDINANCE — CON-STRUCTION—NONCONFORMING USES.—The saving clause, contained in section 11 of the zoning ordinance of the city of Berkeley, to the effect that any lawful use existing in a building "at the time of the passage of the ordinance may be continued therein, although not conforming to the regulations of the use of the district in which it is maintained, providing . . . that any such building or premises which is not used for such nonconforming use for a period of 180 days at any time after the passage of this ordinance, then the use of such building or premises must thereafter conform to the use of the district within which it is situated," does not authorize one nonconforming use or business to be succeeded by another, following the discontinuance of the former, where such succeeding use or business could not subsequent to the enactment of the ordinance be originally established there, although it might have been lawfully conducted there prior to the enactment of the ordinance.

[2] ID.—VIOLATION OF ZONING ORDINANCE—RIGHT TO WARRANT OF AR-REST.—Where property is used for purposes in violation of a municipal zoning ordinance, an injured and complaining party is entitled to a warrant of arrest of those violating its provisions.

APPLICATION for a Writ of Mandate to compel the issuance of a warrant of arrest for violation of a municipal zoning ordinance. Granted.

The facts are stated in the opinion of the court.

Frank V. Cornish for Petitioners.

Lemuel D. Sanderson, City Attorney, for Respondent.

TYLER, P. J.—Petition for *mandamus* to compel the issuance of a warrant of arrest for the violation of a zoning ordinance regulating the use of buildings.

The petition alleges that on July 20, 1920, a certain or-dinance was passed by the council of the city of Berkeley, districting the location of residences and certain trades, and the location of buildings designed for certain specified

uses, establishing the boundaries thereof and providing a penalty for the violation of the ordinance. That defendant Robert Edgar is the regularly elected, duly qualified and acting justice of the peace of the city of Berkeley, county of Alameda, state of California, and that all complaints for violation of ordinances of the city of Berkeley are required to be issued out of the court of said justice of the peace. That Charles S. Shuey and Robert A. Shuey are residents of the city of Berkeley and the owners of a building on the east side of Telegraph Avenue, between Stuart and Oregon Streets, in said city of Berkeley, occupied and used by them prior to July 1, 1920, for a milk bottling and distributing station, and that said use of said property was continued by them on said premises until the early part of the year 1923, when said use was terminated; that thereafter, on or about the first day of August, 1923, the said Shueys leased the said building or a portion thereof to one E. Seidel, a resident of the city of Berkeley, for the purpose of conducting therein a dyeing and cleaning works, and that said E. Seidel thereafter established in said building a dyeing and cleaning works or business, which he has continued to conduct and is now conducting therein. That plaintiff Wilson is a resident of the city of Berkeley, residing at number 2815 Telegraph Avenue, in a house which he owns, and that this house, together with the adjoined residence owned by him, are directly south in the same block and adjoining said building owned by said Shueys, and that said houses are occupied by tenants of said Wilson; that plaintiff Kovacevic resides at number 2803A Telegraph Avenue, in one of the apartments of a building owned by him at the southeast corner of Stuart Street and Telegraph Avenue adjoining the property of said Shueys hereinbefore referred to; that said building contains also an apartment and three stores occupied by tenants of said last-named plaintiff.

It is claimed that the dyeing and cleaning establishment is maintained in violation of the ordinance, and that Robert Edgar, as justice of the peace, has refused to issue a warrant of arrest for such violation, for which reason it is prayed that a writ issue out of this court commanding that he perform his duty.

[1] The ordinance contains a saving clause relating to the continued existence of nonconforming buildings and premises. Section 11 of the ordinance reads as follows: "(a) In any building or premises any lawful use existing therein at the time of the passage of this ordinance may be continued therein, although not conforming to the regulations of the use district in which it is maintained, providing that no new building or addition be erected except in conformity with the requirements of this ordinance, or unless required by law; and provided further that any such building or premises which is not used for such nonconforming use for a period of 180 days at any time after the passage of this ordinance, then the use of such building or premises must thereafter conform to the use of the district within which it is situated."

As indicated by the recitals in the petition, the premises in question were lawfully used at the time of the passage of the ordinance as a milk bottling and distributing station, and under section 11 thereof such use could be continued though not conforming to the regulations of the use district so long as such nonconforming use was continued. It is contended by the petitioner, however, that such use having been discontinued, the future use of the property as to the character of business which may be conducted therein is subject to the restrictions imposed by the ordinance upon the district within which such property is situated.

The determination of the question depends upon the proper construction to be given to the saving clause of the ordinance. This clause, as above indicated, provides that in any building or premises any lawful use existing therein at the time of the passage of the ordinance may be continued, although not conforming to the ordinance. It is suggested by the respondent that this language of the saving clause is to be interpreted as not only permitting the continuance of the particular business which was being conducted in the building at the time of the passage of the ordinance, but that it might be succeeded by any other business which might prior to the enactment of the ordinance have been lawfully conducted in such building, although it could not subsequent to the enactment be originally established there. This contention is based upon the fact that elsewhere in the ordinance the phrase "use of the

district'' is employed, and that when so employed it refers to all businesses which may lawfully be conducted within the district, so that when the word "use" is employed in the ordinance it denotes the whole class of businesses permitted in a given district.

We cannot agree with this contention of the respondent. The sense in which the word "use" is employed is to be gathered from its immediate context. Sometimes the words are "use of the premises"; at others "use of the district." The latter phrase evidently denotes the entire class of businesses permitted in a district, while the former with equal clearness refers to the particular business conducted upon given premises. In the phrase "any lawful use existing in any building may be continued therein" (which is but a transposition of the language of the ordinance) the word "use" plainly refers to the particular business conducted in the building. We think there is no merit in the contention of respondent that the word "use" must be given the same signification wherever it occurs in the ordinance.

Moreover, if the contention of the respondent be held to be correct, the purpose of the ordinance would be largely frustrated. That purpose is to confine certain classes of business to certain localities, but at the same time an exception is made for the purpose of alleviating any hardship which the immediate discontinuance of a particular use of a building might entail. The ultimate purpose, however, is plainly that nonconforming uses of premises shall gradually be eliminated, which purpose would be practically defeated if one nonconforming use might be succeeded by another.

[2] The property in the case at bar being thus used for a purpose in violation of the ordinance, an injured and complaining party is entitled to a warrant of arrest of those violating its provisions.

It is ordered that the writ as prayed for be issued.

St. Sure, J., concurred.