HARRY L. LATHROP *vs.* THE TOWN OF NORWICH.

Second Judicial District, Norwich, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 30th—decided July 9th, 1930.

618

*C. Hadlai Hull,* for the appellant (plaintiff).

*Henry H. Pettis,* with whom were *George H. Gilman* and *Edmund W. Perkins,* and, on the brief, *Arthur M. Brown,* for the appellee (defendant).

HINMAN, J.   The original reasons of appeal to the Superior Court may be resolved into two general propo-

sitions. The first is that strict application of the ordinances and regulations will cause such difficulty and unreasonable hardship to the appellant in relation to his premises that the board of appeals erred in not granting such a modification in the application thereof as to permit the erection of the pumps, filling station and oil pit as shown by the plans and specifications. In the examination of this contention, the general purposes and objects of zoning ordinances and the special functions of boards of appeal created thereunder are to be kept in view.

In the drafting of zoning ordinances it has been found difficult to avoid or eliminate ambiguities and mistakes in the highly technical provisions which are inherent therein, and, since such an ordinance must be comprehensive and citywide in its application, it is impossible to provide for the exceptional cases and situations which may arise. Therefore a board of appeals or adjustment is usually provided, the functions of which include the interpretation and application of vague or ambiguous expressions, and, so far as consistent with the spirit and purposes of the ordinance, amelioration of unnecessary hardships which, owing to special conditions, would result from a literal enforcement of its provisions. Baker, Legal Aspects of Zoning, p. 76. Extensive and liberal powers, to this end, are conferred upon such a board of appeals by § 14 of the Norwich ordinance, including the following which are pertinent to the present discussion: "(3) . . . permit the extension of a non-conforming use or building upon the lot occupied by such use or building at the time of the passage of this ordinance." "(8) Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the regulations or provisions of this ordinance, vary or modify any such provision or regulation in harmony

with its general purposes and intents and the general intent and purpose of this ordinance, so that the spirit of this ordinance and such regulations and provisions shall be observed, public safety and welfare secured and substantial justice done."

The appeal taken in the present instance manifestly was intended to invoke an exercise by the board of appeals of its powers under subdivision (8) of § 14, just quoted, and the finding of this board that the strict application of the ordinance will not cause any difficulty or unreasonable hardship to the appellant, and its decision refusing modification therein were responsive to the only issue raised, expressly or by fair implication, by the appeal. The conclusion of the Superior Court, upon the appeal to it, that this action of the board of appeals was not arbitrary, illegal, or unreasonable, is fully supported by the facts found and disposes of the reasons which are within the scope of the original appeal to the board.

The plaintiff claimed, further, in reasons of appeal 10c and 10d, that the proposed use of his premises does not constitute a change of the use existing at the time of the passage of the ordinance and that the provisions thereof do not prohibit such use. This contention is outside of the original appeal and, in a sense, inconsistent therewith for the reason that if the contemplated use did not infringe upon the ordinance there would be no occasion for seeking a modification of its application at the hands of the board of appeals. All that would be required, at most, would be permission by that board, under § 14(3), quoted above, for extension of a nonconforming use or, under (4), for "the erection of an additional building upon a lot occupied at the time of the passage of this ordinance by a business or industrial establishment where carrying out the

strict letter of the provisions would result in practical difficulties or unnecessary hardships."

In this court, the appellant's principal argument is that the proposed building and use is permissible, under § 6 of the ordinance, as a continuation and extension of an existing use. The section in question is quoted in the footnote.

Some such provision, reasonably regarding and protecting uses and conditions existing at the time of the adoption of a zoning ordinance, is fair and is found in many such ordinances. *State* v. *Hillman,* 110 Conn. 92, 95, 147 Atl. 294; *Fitzgerald* v. *Merard Holding Co.,* 110 Conn. 130, 133, 147 Atl. 513; *Aurora* v. *Burns,* 319 Ill. 84, 95, 149 N. E. 784. The ultimate purpose is to confine certain classes of buildings and uses to certain localities and the attainment of this necessarily requires that buildings and uses, in each zone or district, which do not conform to the general restrictions applying therein shall eventually be eliminated, but, for the time being, exception is made for the purpose of alleviating the hardships which the immediate dis-

"Sec. 6—*Existing Buildings or Premises*: (a) Any use existing in any building or premises at the time of the passage of this ordinance and not conforming to the regulations of the use district or zone in which it is maintained, may be continued therein. (b) Any use existing in any building or premises at the time of the passage of this ordinance and not conforming to the regulations of the use district or zone in which it is maintained may be changed to a similar use and such use may be extended throughout the building or premises, provided that in either case: (1) In a residence district no portion of any building or premises devoted to a use included in subdivision 1 of either Section 2 or Section 3 shall be changed to any use prohibited in a residence district, and (2) In a residence or business district no building or premises or any portion thereof unless devoted to one of the uses that is by paragraph (a) or (b) of Section 4 prohibited in a business district, shall be changed to any of such uses. If a use is changed as authorized in this section, the new use may thereafter be changed, subject to the limitations imposed by subdivisions 1 and 2 of this paragraph (b)."

continuance of a particular use might entail. *Wilson v. Edgar,* 64 Cal. App. 654, 222 Pac. 623, 624. "Seldom if ever can the desired rules be applied, in the built up portions of the city, without encountering the alien structure. The regulation and the boundaries of the district must, therefore, be based upon the prevailing character of the district. Evidently the continued existence of structures as aliens in such districts is opposed to the general interests in furtherance of which the restrictions for the district were adopted, and is permitted only in so far as a due regard to the special interests of those concerned with that structure demand; subject to which special interests, the structure should be reduced to conformity as completely and as speedily as possible. The accepted method of accomplishing this result is as follows: The nonconformity is in no case allowed to increase. It is permitted to continue until some change in the premises is contemplated by the owner, when, in so far as expedient, the authorities take advantage of this fact to compel a lessening or complete suppression of the nonconformity. . . . The difficult problem is that of the nonconforming use. The aim as before is to obtain as quickly as possible the suppression, or if this be not feasible, the greatest possible amelioration of the offending use which justice to that use permits. None of the modern ordinances venture to confine the nonconforming use to its original extent, requiring conformity as the price of any change in it or the premises where it exists; but many of them provide that: 1. A nonconforming use existing at the time of the passage of the ordinance, in a part of a building or on a part of the lot, shall not be extended at the expense of a conforming use. 2. In the interest of conformity uses are graded, no change from a higher to a lower grade being permitted; the only changes allowed being to a use of the same or a

higher grade." Williams, Law of City Planning and Zoning, pp. 202, 203. See also Baker, Legal Aspects of Zoning, p. 66.

Plainly, subdivision (a) of § 6 of the Norwich ordinance permits the continuance of a nonconforming use existing in any building or premises at the adoption of the ordinance, of the kind and to the extent obtaining at that time. The appellant claims that the right conferred thereby is not only to so continue but, also, unrestrainedly to extend such use in or throughout the building or premises. If this were a correct interpretation of this provision there would be no occasion for inclusion in the powers conferred upon the board of appeals by § 14 that provided by subdivision 3, to "permit the extension of a nonconforming use or building upon the lot occupied by such use or building at the time of the passage of this ordinance." Clearly these two provisions [§ 6 (a) and § 14 (3)] must be read together and the result is, as the trial court held, that while an existing use may be continued, extension of it is under the control of the board of appeals and conditioned upon its approval, subject to judicial relief, on appeal, from any arbitrary or illegal or unreasonable refusal to permit a desired extension. This is consistent with the reason and purposes of the zoning plan and as fair and liberal to the user as justice requires or suggests.

It is equally clear, upon careful examination and analysis, that subsection (b) of § 6 pertains only to a change from an existing use to a similar use, and to extension of such changed use. The appellant pleads, in his appeal, and concedes in brief and argument, that the use proposed to be made of the new building and appurtenances is the same as the existing use and not a change therefrom, therefore this subsection (b) is not applicable.

Justification for the refusal of the board of appeals
to modify the application of the ordinance as prayed
for by the appellant, and considerations decisively ad-
verse to the granting of permission to erect and main-
tain a gasoline filling station upon the portion of the
premises as proposed, either as an extension of an exist-
ing use or as a changed similar use, are afforded by a
contemplation of the consequences which would ensue.
The finding discloses that the tract in question, front-
ing one hundred and thirty feet on Washington Street,
a residential thoroughfare, and one hundred feet on
a highway leading to a city park, is now unoccupied
except, on its southerly side, by a small portion of the
dwelling-house, and free of business uses except incon-
sequential office and emergency purposes within the
house, a driveway leading to plaintiff's garage, one
hundred and seventy feet from Washington Street, and
business signs adjoining the driveway. The entire lo-
cality is a high-class residential section. It is proposed
to remove the dwelling-house to another part of ap-
pellant's premises and to devote this tract to the pur-
poses of a large filling station and accessory business.
The nature and characteristics of such establishments
are familiar. The transformation so proposed to be
worked would be strikingly at variance with the pur-
poses and intent of the zoning ordinance and its several
provisions and manifestly beyond the reasonable con-
fines of any exception or concession to which the
property owner, by reason of his vested rights or other-
wise, is legally or reasonably entitled. The trial court
was abundantly warranted in sustaining the decision of
the board of appeals.

During pendency in the Superior Court, the appeal
was amended by adding reasons questioning the consti-
tutionality of the ordinance, as to which the trial court
ruled adversely to the appellant. These rulings were

not pursued in argument and we see no valid basis for attack upon the provisions here involved, as violative of either the Federal or State Constitution. *Euclid* v. *Ambler Realty Co.*, 272 U. S. 365, 71 L. Ed. 303, 47 Sup. Ct. 114; *State* v. *Hillman*, 110 Conn. 92, 147 Atl. 294; *Fitzgerald* v. *Merard Holding Co.*, 110 Conn. 130, 138 Atl. 483; *Windsor* v. *Whitney*, 95 Conn. 357, 111 Atl. 354. Moreover, as the appellant brought his original application and later had recourse to the board of appeals under and in accordance with the ordinance, and thereby recognized and accepted it as valid, he may not at a later stage of the proceedings advance the claim that it is unconstitutional. *Holley* v. *Sunderland*, 110 Conn. 80, 85, 147 Atl. 300; *Rindge* v. *Holbrook*, 111 Conn. 72, 149 Atl. 231.

There is no error.

In this opinion the other judges concurred.