A careful study of the record of the proceedings before the zoning board of appeals discloses no good reason for the board's action, except its unwillingness to extend a harmless nonconforming use. The board could not possibly have concluded that the granting of this application would be detrimental to public health and safety on the basis of the evidence disclosed by the record. The appellant conducts a dairy at No. 68 Eaton Street, which is zoned as "B Residence." The premises have been so used for 35 years, and by the plaintiff for 16 years. Apparently he keeps within the law, conducts a clean dairy and observes all regulations controlling his business. None of the authorities having jurisdiction in the premises have any fault to find with him, his place of business or his business practices. Recently the *Page 478 
State Milk Administration promulgated regulations requiring milk to be sold by weight instead of by liquid measure. In order to carry out these regulations the appellant wishes to erect a small addition to his dairy to house a scale which he has purchased. The addition would be contiguous to the present dairy building and six feet in width. By housing the scale in the proposed addition, it would expedite the weighing of milk pasteurized in the dairy and eliminate the necessity for transporting it to a more distant point on the premises. From a practical standpoint, the granting of the application would have done no violence to the zoning laws, the conscience of the board, or to the interests of property owners in the neighborhood; nor would it have depreciated property values of the objectors. The objections raised by property owners in the vicinity are frivolous and irrelevant and could not have had any weight with the board. Nevertheless, the board, in the exercise of its best judgment, declined to sanction the extension of a nonconforming use. The question for determination is whether, in doing so, the board acted arbitrarily or unreasonably.
The court cannot decide this case on the basis of its own views, arrived at from a study of the record. It is not called upon to say whether the board's action is in agreement with its views. An appeal from the decision of the board does not require or permit the court, by trial de novo, to substitute its finding and conclusions for the decision of the board. Its functions are limited to a determination whether the board acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. Blake vs. Board of Appeals, 117 Conn. 527.
This the court cannot find in view of the ultimate purpose of zoning to restrict uses of land in certain localities, and to discourage encroachments of nonconforming uses inconsistent with those permitted. Lathrop vs. Norwich, 111 Conn. 616.
If the board's decision is in harmony with the general purposes and intent of the zoning ordinances it cannot be disturbed by judicial action in order to give relief to one whose alien structure is opposed to the general interests in furtherance of which the restrictions for the district were adopted. To do so would be an undue impairment of the general purposes of zoning. Norcross vs. Board of Appeal,255 Mass. 177, 150 N.E. 887. *Page 479 
Although the board could have reasonably come to the conclusion that the proposed structure would be a harmless extension of the nonconforming use, and do no harm to the neighborhood, as is the belief of the court, it could also, at the same time, reasonably have assumed that the people in the neighborhood had indulged the hope that with the passage of time the nonconforming uses would give way to conforming uses, and the neighborhood would thereby become a more attractive one for residential purposes, thus enhancing property values therein. Greenwich Gas Co. vs. Tuthill, 113 Conn. 684.
The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities. The continued existence of those which are nonconforming is inconsistent with that object, and it is contemplated that conditions should be reduced to conformity as completely and as speedily as possible with due regard to the special interests of those concerned, and where suppression is not feasible without working substantial injustice, that there shall be accomplished `the greatest possible amelioration of the offending use which justice to that use permits.' `The accepted method of accomplishing this result is as follows: The nonconformity is in no case allowed to increase. It is permitted to continue until some change in the premises is contemplated by the owner, when, in so far as expedient, the authorities take advantage of this fact to compel a lessening or complete suppression of the nonconformity.' " Thayer vs. Board of Appeals,114 Conn. 15, 23. See also, Williams, Law of City Planning andZoning, pp. 202, 203; Lathrop vs. Norwich, supra, p. 623.
Our Supreme Court has consistently sustained zoning boards where their decisions uphold provisions of zoning ordinances and where the right to vary is sparingly exercised by them. Refusal to permit a relaxation of the provisions of the zoning ordinance is part of the board's function and is consistent with the purpose for which it was created. Grady vs. Katz,124 Conn. 525.
 For these reasons the court is of the opinion that it is without power to override the action of the Zoning Board of Appeals of Hartford, and the appeal is therefore dismissed.