WEST HILL CONSTRUCTION CORPORATION *v.* JOHN F. HORWATH ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 12—decided July 5, 1962

*Robert A. Slavitt,* for the appellant (plaintiff).

*Paul C. Jamieson,* for the appellees (defendants).

ALCORN, J. On March 11, 1958, the plaintiff, a builder, contracted in writing to build a house on a designated lot in a development and to convey the house and the lot to the defendants on November 1, 1958, for $28,490, toward which the defendants paid a 10 percent deposit on execution of the contract. Later, the plaintiff notified the defendants that the conveyance would take place on February 20, 1959. The defendants refused to accept conveyance, claiming that the plaintiff had not completed nor properly constructed the house. The plaintiff brought this action for specific performance and damages, alleging that it was and still is ready, willing and able to convey. The defendants denied the plaintiff's compliance with the contract and filed a counterclaim for specific performance and damages. This the plaintiff controverted, and it withdrew its own claim for specific performance. The case was referred to a referee, who held a hearing, viewed the premises and recommended that the defendants be granted specific performance and damages of $5266.68, with interest from May 15, 1959. The pertinence of this interest date does not appear but is not in issue. The referee later reduced one item of damages in his report to the extent of $20. The court accepted the corrected report and rendered judgment thereon, but it did not give effect to the $20 correction. This obvious clerical error, apparent on the record, should be corrected, although it was not made an issue on the appeal.

The plaintiff has appealed from the judgment, raising only the issue of damages. A three-pronged attack is made: (1) A clause in the contract is claimed to limit the plaintiff's liability. (2) The referee's report is attacked. (3) The form of the judgment is asserted to duplicate the damages in

that it requires the plaintiff to complete and convey the house and at the same time awards damages for the incomplete portions of the work.

The part of the contract on which the plaintiff relies to limit its liability provides that if the plaintiff is "unable . . . to convey . . . or otherwise to comply" with the contract, its liability should be limited to the refund of any moneys paid by the defendants under the agreement. The provision, by its terms, applies if the plaintiff is "unable" to perform. Since the plaintiff has consistently maintained that it is ready, able and willing to perform, it cannot rely on the contractual provision to limit its liability.

The referee, in his report, assessed the following items of damages: Cost to complete the house in accordance with the contractual specifications—$2075, subsequently corrected to $2055; "[r]easonableness in changing economic cycles ought to bring an interest reduction short of 20 years"—$1800; nineteen months' carrying charges on house—$2700; "other items of defendants' claims"—$1298.75; interest credit—$2435.99; carrying charge credit—$171.08. The plaintiff made a motion that the referee correct the report, claiming that parts should be deleted and additions should be made. None of the corrections granted by the referee are a part of the record except the reduction from $2075 to $2055 in the cost of completing the house. Upon the filing of the corrected report, the plaintiff filed exceptions to it and to its acceptance. See Practice Book §§ 173, 174. These were overruled by the court, and it is this action which is assigned as error. One exception, seeking the addition of facts claimed to be undisputed, was not pursued in the plaintiff's brief and is considered to be abandoned. *Donch* v. *Kardos,* 149 Conn. 196, 199, 177 A.2d 801. The re-

maining exceptions attacked the items of damages found by the referee on the ground that they were facts found without evidence or were conclusions not logically or reasonably drawn from the subordinate facts. These items were found by the referee from conflicting evidence and his view of the premises. See *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390, 94 A.2d 1. They cannot be disturbed if there was evidence before the referee to support them. *Katz* v. *Martin,* 143 Conn. 215, 217, 120 A.2d 826. It is futile to assign error involving the weight of testimony or the credibility of witnesses. *Hartford-Connecticut Trust Co.* v. *Putnam Phalanx,* 138 Conn. 695, 699, 88 A.2d 393. Those were matters for the referee to determine.

With one exception, we cannot say that the findings are not supported by the evidence when the fact that the referee visited the premises is also taken into consideration, as it must be. *Tide Water Oil Sales Corporation* v. *Shimelman,* 114 Conn. 182, 184, 158 A. 229; *G. F. Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218, 146 A. 20. The single exception is the amount of $1800 which the referee attributes to the item "[r]easonableness in changing economic cycles ought to bring an interest reduction short of 20 years." The meaning of this language is not clear. The plaintiff treats it as dealing with the cost of increased mortgage interest. There was evidence that the defendants had a commitment for a twenty-year mortgage of $18,500, bearing interest at 5.5 percent, at the time the transfer of title was to have taken place, but that this commitment had subsequently been withdrawn, and that by the time of trial the interest rate had become 6 percent. An increase of one-half of one percent in the interest on a mortgage such as the defendants had arranged for

would account for an expense of $1850 if no reduction in principal over the years is taken into account. This computation would not seem to explain the item, either in amount or, more particularly, because the phraseology used appears to envision an interest reduction. The defendants make no effort to support the finding beyond referring to the increased interest rate already mentioned. We fail to discover evidence to support the item of $1800, and it should be deducted from the total damages awarded.

The language of the judgment lends merit to the plaintiff's third point. The judgment as corrected directs the plaintiff to "perform its obligation under . . . [the] contract and deliver to the defendants a deed to the premises." There is no dispute that the contract required the plaintiff to build a specified house and then convey it, with the lot on which it was built, to the defendants. The damages awarded arose in part from the deficiencies in the plaintiff's performance of the building requirements of the contract and in part from attendant losses. A literal interpretation of the judgment would require the plaintiff to remedy the deficiencies in the construction work and also pay the amount found necessary to correct them. The judgment should be rephrased to the extent of requiring the plaintiff to convey the house and lot as they now stand and, as a credit against the purchase price to be paid by the defendants, to pay damages in the amount found by the referee less the two items of $20 and $1800.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion the other judges concurred.