WILLIAM DUPUIS, BUILDING INSPECTOR OF THE TOWN OF GROTON *v.* ZONING BOARD OF APPEALS OF THE TOWN OF GROTON ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 6, 1964—decided January 5, 1965

*Melvin Scott,* with whom, on the brief, was *John C. O'Brien,* for the appellants (defendants McIntosh).

*John C. Dennis,* with whom were *Robert P. Anderson, Jr.,* and, on the brief, *J. Rodney Smith,* for the appellee (plaintiff).

MURPHY, J. The plaintiff, by virtue of his office as building inspector of the town of Groton, is the enforcement officer for the zoning commission. Groton Charter § 7.3.3 (1960); 28 Spec. Laws 332, § 4 C. The defendants Francis J. and Lynn C. McIntosh, hereinafter called the defendants, appealed to the zoning board of appeals from the action of the plaintiff in denying them a building permit for an addition to their office building in a residential zone, and asked for a variance to allow the addition to their nonconforming building. The board granted the request, and the plaintiff, in his capacity as zoning enforcement officer, appealed to the Court of Common Pleas, which held that he was competent to take the appeal. The court found that the board had acted illegally in granting the variance, and from

the judgment sustaining the appeal, the defendants have appealed.

The basis for the court's conclusion that the board had acted illegally was that the review of the evidence presented to the board by the defendants disclosed no exceptional difficulty, or unusual hardship which would permit the board to vary the zoning regulations. The assignment of error directed to this finding has not been pursued by the defendants in their brief and is considered to have been abandoned. *West Hill Construction Corporation* v. *Horwath,* 149 Conn. 608, 611, 182 A.2d 919. The defendants rely on their claim that the plaintiff had no standing to take the appeal from the board's action. This claim presents a question which, despite the multitude of zoning cases before the courts since the advent of zoning, has never been presented to us. Usually, the appeals from the zoning authorities are taken by persons who are aggrieved by the action taken. In *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832, we stated that "[t]o be an aggrieved person within the meaning of . . . [what is now General Statutes § 8-8], where traffic in intoxicating liquor is not involved, one must be found to have been specially and injuriously affected in his property or other legal rights." Section 8-8 also provides for an appeal to the courts by "any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of . . . [the zoning board of appeals]." It is the plaintiff's contention that this provision authorized him to take the appeal. As a public official, he has only such power and authority as have been clearly conferred or necessarily implied in the legislation creating his office. *Allyn* v. *Hull,* 140 Conn. 222, 226, 99 A.2d 128.

The office of building inspector in Groton is created in the charter, which states (§ 7.3.3) that the building inspector "shall be the enforcement officer for the zoning commission." General Statutes § 8-3 directs the zoning commission to provide for the manner in which the zoning regulations shall be enforced. Section 15.1 of the Groton zoning regulations provides that the zoning regulations "shall be enforced by the [Zoning] Commission, acting by and through the Building Inspector, who shall be . . . the agent of the Commission." The regulations also provide that no building shall be enlarged or structurally altered until a written permit is issued by the building inspector, who shall ascertain that the proposed work complies with all the provisions of the zoning regulations. Groton Zoning Regs. § 15.3 (1962). As a result of the board's action in granting the variance which placed the stamp of legality upon the construction of the proposed addition, it would have been incumbent on the plaintiff to issue the requested building permit. He, therefore, is the officer charged with the enforcement of the decision of the board and is authorized to take the appeal under the particular circumstances in this case. General Statutes § 8-8; *Planning Board* v. *Board of Appeals,* 338 Mass. 160, 163, 154 N.E.2d 349.

There is no error.

In this opinion the other judges concurred.