[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiffs, Plainville Zoning Enforcement Officer William H. Dornfried and the Plainville Planning and Zoning Commission (Commission), have appealed to this Court under Section 8-8 of the Connecticut General Statutes from the decision of the Plainville Zoning Board of Appeals (Board) to grant a variance to Mrs. Helen B. Bergenty to permit the construction of a two-family dwelling house on her undersized residential property at 164 Stillwell Avenue in Plainville. Mrs. Bergenty had sought the challenged variance because her 16,380-square-foot property is situated in a R-11 residential zone, where the Plainville Zoning Regulations (P.Z.R.) require a minimum of 22,000 square feet for the construction of any two-family dwelling. P.Z.R. Article 5, Section 540(2)(a) as amended 2/28/89.
As a threshold matter, this Court finds that the plaintiffs are proper parties to prosecute this appeal, for each is a "person aggrieved by" the defendant Board's decision, as required by Section 8-8(b). Under Section 8-8(a), an "aggrieved person" is any
 person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with the enforcement of any order, requirement or decision of the board.
The plaintiff Commission is the municipal agency primarily responsible for the development, oversight and implementation of the Town of Plainville's comprehensive zoning plan. As such, it has a recognized legal interest in the faithful enforcement of that plan, which it may pursue, on behalf of the Town, by participating in a zoning appeal. Tyler v. Board of Zoning Appeals, 145 Conn. 655,656 (1958); Simko v. Zoning Board of Appeals, 206 Conn. 374, CT Page 6710 380-81 (1988). By parallel logic, a town zoning enforcement officer may participate in a zoning appeal as an agent of the town planning and zoning commission, and thus of the town itself. Dupuis v. Zoning Board of Appeals, 152 Conn. 308, 311 (1965).
In deciding any appeal from the granting or denial of a variance, this Court's limited function is to determine whether the local zoning authority acted unreasonably, arbitrarily or illegally in making its decision. This Court must not substitute its judgment for that of the zoning board as long as the record reflects that honest judgment has been fairly and reasonably exercised. Baron v. Planning and Zoning Commission, 23 Conn. App. 255,257 (1990). The burden of establishing that a decision to grant a variance should be overturned rests with those who oppose the variance. Goldreyer v. Board of Zoning Appeals, 144 Conn. 641,646 (1957).
Generally, the authority of a zoning board to grant a variance under General Statutes 8-6(3) requires the fulfillment of two conditions: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978). "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation [of the zoning regulations] in his favor on the ground of practical difficulty or unusual hardship. " Thayer v. Board of Appeals,114 Conn. 15, 22 (1932). "Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." Carlson v. Zoning Board of Appeals, 158 Conn. 86, 89-90 (1969).
The plaintiffs here allege that the defendant Board acted illegally, arbitrarily, and in abuse of its discretion by granting the requested variance without inquiring whether, much less determining that, the strict enforcement of Plainville's minimum-lot-size requirement as to Mrs. Bergenty's property would cause her any exceptional difficulty or unusual hardship. Arguing that in the absence of such a finding the Board had no power to grant a variance for any purpose — including the only purpose cited by any Board member at the public hearing on the application, which was to hasten the removal of an unsightly mobile home from the premises — the plaintiffs contend that the Board's decision must be CT Page 6711 overturned.
The defendant concedes that its decision was not based on any finding that Mrs. Bergenty would suffer any exceptional difficulty or unusual hardship if Plainville's minimum-lot-size requirement were strictly enforced against her property. It claims, however, that its decision must be upheld as a reasonable exercise of its inherent discretionary power to allow changes from existing nonconforming uses to other, less offensive nonconforming uses. On that basis, it contends that the instant decision was well justified, since a two-family home on a slightly undersized lot in a zone where multi-family dwellings are permitted is a less offensive nonconformity than a mobile home, which is prohibited in any residential zone in Plainville. P.Z.R. Article 5, Section 510.
In support of its argument, the defendant relies principally upon Point O' Woods Ass'n, Inc. v. Zoning Board of Appeals,178 Conn. 364, 369-70 (1979), where the Connecticut Supreme Court upheld the granting of a variance to permit a change from one nonconforming use to another, less offensive nonconforming use even though the record before the zoning board did not support its finding of unusual hardship or exceptional difficulty. The defendant claims that that decision must be read broadly to recognize the inherent power of local zoning boards to approve such ameliorative changes, even in the absence of unusual hardship or exceptional difficulty.
In fact, however, the Point O' Woods decision supports no such broad proposition. There, to the contrary, the Supreme Court clearly explained that its decision to uphold the challenged variance was based not on traditional principles of zoning law, under which the variance would surely have been denied, but on the unusual provisions of the local zoning regulations under which the variance had been sought. The Court thus observed that
 "It is a general principle in zoning law that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of parties will permit." Salerni v. Scheuy, 140 Conn. 566, 570, 102 A.2d 528; Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 383-84, 311 A.2d 77; 8A McQuillin, Municipal Corporations (3d Ed. Rev. 1976) 25.183. The zoning regulations of most municipalities do so provide. In the regulations of this case, however, the treatment of nonconforming uses is most unusual. Such uses may be changed to another nonconforming use with approval of the zoning board of appeals so long as the use is not CT Page 6712 extended or expanded. [Footnote omitted] . . . Such [a] provision in a zoning ordinance relating to nonconforming uses gives greater liberality to a board than would be legally possible with the usual provisions regarding nonconforming uses. Fiorella v. Zoning Board of Appeals, 144 Conn. 275, 281, 129 A.2d 619. Where such an ordinance is present, so long as the approval does not enlarge or extend the nonconforming use, the action board approving the change of one nonconforming use to another must be upheld. Stern v. Zoning Board of Appeals, 140 Conn. 241, 99 A.2d 130; Lathrop v. Norwich, 111 Conn. 616, 151 A. 183. Although the record does not support the trial court's finding of exceptional difficulty or unusual hardship, it did support the court's ultimate conclusion that the plaintiffs' appeal be dismissed. [Citations omitted.]
Point O' Woods, supra at 369-70.
The upshot of the foregoing analysis is twofold: first, that when a municipality authorizes its zoning board to grant a variance on some basis other than the traditional showing of exceptional difficulty or unusual hardship resulting from the strict enforcement of local zoning regulations to the property in question, its preference for greater liberality in the enforcement of its comprehensive zoning plan will be honored by the upholding of any variance for which a valid record basis has been established under the alternative substantive standards it has set; and second, that in the absence of any such express authorization, a local zoning board has no power to grant a variance without proof that its denial will result in exceptional difficulty or unusual hardship for the applicant.
The question here presented is thus whether or not the town of Plainville has conferred any such unusual authority upon its Zoning Board of Appeals. A review of the Plainville Zoning Regulations clearly shows that it has not.
Article 13 of the Regulations limits the Board's power to grant variances as follows:
 The Board of Appeals shall have the power
. . ., as specified in Section 8-6 of Chapter 124 of General Statutes of the State of Connecticut, as amended: . . . 3. To determine and vary the application of these Zoning Regulations, solely with respect CT Page 6713 to a parcel of land where, owing to the conditions especially affecting such parcel but not affecting generally the district in which it is located, a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship. Any such variance to these Zoning Regulations shall be in harmony with their general purpose and intent, and shall be made with due consideration for conserving the public health, safety, convenience, welfare and property values.
Not only does this provision expressly require a showing of exceptional difficulty or unusual hardship as a precondition to the granting of a variance, but it makes no provision for the granting of variances on any alternative basis.
Article 7 of the Regulations, moreover, provides in pertinent part as follows:
 4. A nonconforming use shall be changed to a conforming use only, except that: (a) A nonconforming use may be changed to another nonconforming use not more objectionable in character by permission of the Planning and Zoning Commission.
This provision demonstrates that while Plainville recognizes the appropriateness, under some circumstances, of converting nonconforming uses to other, less offensive nonconforming uses, it has conferred the sole power to authorize such conversions upon its Planning and Zoning Commission, a legislative body with broad powers to make town-wide zoning policy, rather than its quasi-judicial Zoning Board of Appeals.
Thus deprived by the Plainville Zoning Regulation of any power to grant variances without proof of exceptional difficulty or unusual hardship — whether to permit conversions from existing nonconforming uses to other, less offensive nonconforming uses or for any other purpose — the defendant Board plainly exceeded its lawful authority by granting the variance here in question. For that reason, and for all the reasons set forth in this opinion, the plaintiffs' appeal is sustained, and the defendant's decision to grant the challenged variance is overruled.
So ordered this 15th day of July, 1992.
SHELDON, J. CT Page 6714