[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the Shelton Planning Zoning Commission and Zoning Enforcement Officer from a decision made by the Shelton Zoning Board of Appeals modifying the conditions of a prior variance for property owned by Ronald Linden, DDS, located at 163 Leavenworth Street (Rte #110).
The court finds that, by statute, the plaintiffs are vested with the authority to administer and enforce the Shelton Zoning Regulations and have standing as aggrieved persons to bring this appeal. C.G.S. §§ 8-8 (a) and 8(b); DuPuis v. Zoning Board ofAppeals of Groton, 152 Conn. 308 (1995); Shelton Zoning Regs. § 3.1, p. I-4.
This property originally consisted of a house and a large barn located in an R-1 residential zone. In September 1983, Dr. Linden obtained a special exception and a variance of the street line setback which enabled him to use the barn as his dental office. Professional offices are a permitted use in the R-1 residential zone by special exception. Regs., Schedule A, Permitted Uses 2Gb and Regs. § 33.9.2, p. III-17.
When the Board granted the setback from the street line variance in 1983, it added a specific condition further restricting the use of this property as follows:
 "Condition: this building will never be used for living quarters; this building will not be used or expanded on for any other professional enterprise of any kind; it will be for the exclusive use of Dr. Linden as a professional office." Record, Exhibit A, p. 4.
Thereafter, in 1994, Dr. Linden petitioned the Board for a CT Page 15331 modification of the 1983 restriction on exclusive use of the property for his professional office to allow an additional medical practitioner's office on the second story of the structure. The Board granted his petition and the stipulations attached to the underlying variance were modified to state as follows:
"(1) No expansion of parking area,
(2) No more than one medical practitioner additional,
(3) Obtain approval of Valley Health,
(4) House is to remain a one family residence."
Record, Exhibits C and D.
Then, in 1999, Dr. Linden again applied to the Board of Zoning Appeals to further modify the condition from "no more than one medical practitioner" to "no more than one professional/commercial office tenant." Record, Exhibit F. After notice and hearing, this application was granted and approved by the Board as a variance in use as follows:
 "Inasmuch as a professional office is already permitted at this location, and
 Inasmuch as the Board viewed a professional/general office as being the same as a professional office
 Therefore, with due consideration for the public health, safety, welfare and property values, the approval for variance in use to allow a professional/general office at the above is granted (Schedule A, Use Line 26A) in this instance.
 This certificate of approval is contingent on the house that is on the property remaining a single family house, that there is no expansion of parking, and that the applicant obtain approval of Valley Health."
Record, Exhibit J.
The Planning and Zoning Commission and Zoning Enforcement Officer have appealed from this decision claiming that the Zoning CT Page 15332 Board of Appeals improperly granted Dr. Linden a use variance for the property without requiring or finding any evidence of hardship to support the granting of the variance. The Board and Dr. Linden now claim that the Board's decision was merely a modification of a prior restriction or condition on a properly approved variance, not a request for a variance per se. Defendant's Brief, p. 3.
After reviewing the pleadings, the written and oral arguments of counsel and the record and exhibits in this matter, this court finds for the plaintiffs and sustains the appeal. The Shelton Zoning Regulations clearly distinguish between "Professional Offices" which are permitted by special exception in a Residential R-1 Zone (Regs., Sch. A, Permitted Uses 2Gb) and "Business Offices" and "Limited Business Offices" which are not permitted in this zone (26a and 26c).
The Zoning Regulations defines "Professional Offices" as follows:
 "A professional office for purpose of this section is an office maintained by a physician, surgeon or other practioner (sic) of the healing arts, a dentist, podiatrist, lawyer, clergyman, architect, professional engineer or land surveyor, landscape architect, artist, teacher or musician, and shall include such other persons as may be engaged in support of the office in a nonprofessional capacity."
Regs. § 33.9.1, p. III-16.
Under the Zoning Regulations, two other types of offices are distinguished and defined. A "Limited Business Office" is defined as "primarily rendering services to customers and clients not on the premises but to which the public is sometimes invited or expected to visit in the conduct of the activity, and includes real estate offices, accounting firms, insurance offices, travel agencies and similar businesses. Regs. § 5.13, p. I-10. A "Business Office" is defined as "an activity, other than a professional office, conducted for gain and to which the public is invited or expected to visit in the conduct of the activity." Regs. § 45.3, p. IV-16.
Thus, the Shelton Zoning Regulations clearly distinguish between "professional offices," "limited business offices" and "general business offices" as distinct uses. Whereas the CT Page 15333 professional office use was permitted on Dr. Linden's property by special exception, and conditions on the professional office use could properly have been modified or deleted, the Board's view" that a "professional/general office" was the same as a "professional office" was clearly an erroneous finding under the Zoning Regulations. To change the use of his building from a "professional office" to a "limited business office," which appears from the Record to be what he was proposing to the Board, Dr. Linden would have to obtain a use variance in the R-1 zone for this purpose. Regs., Sch. A 26c. This would require a separate application together with a finding of conformity with the zoning plan and a hardship to sustain the variance. Smith v.Zoning Board of Appeals, 174 Conn. 323, 326 (1973); Bloom v.Zoning Board of Appeals, 233 Conn. 198, 207 (1995). Instead, the applicant and the Board relied on the prior setback variance without making any claim or finding of hardship to support the use variance. Accordingly, the Board has abused its discretion on granting a use variance and "general business office" use variance is overturned. Nash v. Zoning Board of Appeals,165 Conn. 576, 577 (1973).
However, the Board of Zoning Appeals was acting within its authority in modifying the restrictions on the property to allow any professional office use on the property, subject to any further conditions which the Board deems are appropriate. Accordingly, the decision is remanded to the Shelton Board of Zoning Appeals to take such action on the application with respect to modifying the conditions on professional office use as they deem appropriate. Conn. Gen. Stat. § 3-3 (e).
So Ordered,
Sequino, J.