## MARY G. BARTON ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WATERTOWN ET AL.
### (AC 24503)

Lavery, C. J., and Dranginis and Berdon, Js.

Argued September 20, 2004—officially released February 22, 2005

*Steven E. Byrne,* for the appellant (named plaintiff).

*Thomas A. Kaelin,* for the appellee (named defendant).

*Franklin G. Pilicy*, for the appellee (defendant C.A.D.S., LLC).

*Opinion*

BERDON, J. The plaintiff[1] Mary G. Barton, the zoning enforcement officer of the town of Watertown, appeals from the judgment of the trial court dismissing her administrative appeal. On appeal, the plaintiff claims that the court improperly determined that she did not (1) have standing to appeal and (2) sufficiently plead the issue of aggrievement. We find that the plaintiff, as the zoning enforcement officer, has standing to bring this appeal and, accordingly, reverse the judgment of the trial court.[2]

This appeal arises from the approval by the defendant zoning board of appeals of the town of Watertown (board) of a variance to the Watertown zoning regulations. The defendant C.A.D.S., LLC (C.A.D.S.), owns property at 29 State Street, Watertown. It sought permission to sell and recondition used cars and to prepare new cars on the subject property. The zoning regulations permit the preparation of new cars on the subject property, but prohibit used car dealerships.[3] Watertown Zoning Regs., § 33. C.A.D.S. sought the variance to permit the sale of used cars on the subject property.

After a public hearing on the application, the board approved the variance. The plaintiff, pursuant to General Statutes § 8-8 (b),[4] appealed from the board's deci-

---

[1] Although the planning and zoning commission of the town of Watertown is a party to this action, it never filed an appeal. Accordingly, in deciding this appeal, we consider Mary G. Barton to be the sole appellant.

[2] Because we agree with the plaintiff's argument as to her first claim, we do not reach the merits of the second claim.

[3] C.A.D.S. owns and operates a new and used car dealership on nearby property, which is not a subject of this case.

[4] General Statutes § 8-8 (b) provides in relevant part that "any person aggrieved by any decision of a board . . . may take an appeal to the superior court for the judicial district in which the municipality is located. . . ."

General Statutes § 8-8 (a) (1) provides in relevant part: " 'Aggrieved person' means a person aggrieved by a decision of a board and includes any officer,

sion to the Superior Court. The defendants filed motions to dismiss the plaintiff's appeal, claiming that she lacked standing to challenge the approval of the variance. In other words, the defendants claimed that the plaintiff was not aggrieved by the granting of the variance. The court granted the motions to dismiss.

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 610–11, 793 A.2d 215 (2002). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 429, 829 A.2d 801 (2003).

In *Dupuis* v. *Zoning Board of Appeals*, 152 Conn. 308, 310, 206 A.2d 422 (1965), our Supreme Court, considering both classical and statutory aggrievement, concluded that the latter satisfies the issue of standing and permits a plaintiff building inspector to pursue an appeal under § 8-8. "[T]o be [classically aggrieved] within the meaning of . . . [what is now General Statutes § 8-8] . . . one must be found to have been specially and injuriously affected in his property or other

department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. . . ."

legal rights. Section 8-8 also provides for an appeal to the courts by [someone who is statutorily aggrieved, i.e.] any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of . . . [the zoning board of appeals.]" (Internal quotation marks omitted.) *Dupuis* v. *Zoning Board of Appeals*, supra, 310. Turning to the zoning regulations, § 72.2 provides in relevant part that the "regulations shall be enforced by the Zoning Enforcement Officer . . . ." Section 71.2 of the regulations provides in relevant part that "[t]he Zoning Board of Appeals shall have the authority to hear and decide upon any appeal where it is alleged that there is an error in the order, requirements, decision or determination of the Zoning Enforcement Officer. . . ." The plaintiff, as the zoning enforcement officer, was "charged with enforcement of any order, requirement or decision of [a zoning board of appeals]. . . ." General Statutes § 8-8 (a) (1); see also *Dupuis* v. *Zoning Board of Appeals*, supra, 310. As the official who enforces the zoning regulations, she must implement the board's decision to grant the variance to C.A.D.S. Thus, in her official capacity as zoning enforcement officer, the plaintiff falls within one of the categories of aggrieved persons listed in § 8-8 (a) (1) and has standing to appeal from the board's approval of the variance. See *Dupuis* v. *Zoning Board of Appeals*, supra, 310. Because the plaintiff is charged with enforcement of the board's decisions, she is statutorily aggrieved and has standing to appeal from the board's decision to grant the variance to C.A.D.S.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.