E. LYNN BEERWORT *v.* ZONING BOARD OF APPEALS OF THE TOWN OF COVENTRY

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued November 6, 1957—decided January 7, 1958

732

*Harry H. Lugg*, for the appellant (defendant).

*Edward H. Smith*, for the appellee (plaintiff).

WYNNE, C. J. The question presented by this appeal is whether the court below erred in determining that the year-round use of trailers in a trailer park, as opposed to their seasonal use during the late spring, summer and early fall months, was not an extension of a nonconforming business use in violation of § 14 (2) of the zoning regulations of the town of Coventry.

The plaintiff operated the trailer park on a seasonal basis prior to the date of the passage of the regulations, and although some improvements in the park were made fifteen years ago in the expectation that there would be year-round use of it, such use did not materialize. Further improvements were made four years ago with the installation of septic tanks, drain fields and underground water pipes. These improvements, with the consequent use of four trailers in the park during the winter months of 1954-55, are the subject of this appeal. Coventry adopted zoning regulations on October 2, 1951, and § 14 stated: "Any non-conforming building and or use existing at the time of the passage of these regulations may be continued and any building designed, arranged, intended or devoted to non-conforming use may be reconstructed and structurally altered and the non-conforming use therein changed subject to the following regulations: . . . (2) No non-conforming use shall be extended at the expense of a conforming use. . . ."

The enforcement officer of the planning and zoning commission ordered the plaintiff, by letter dated March 4, 1955, to desist from the use of the trailer

park during the winter months, charging that such year-round use constituted the extension of a nonconforming use in violation of the section quoted above. The plaintiff appealed from this order to the zoning board of appeals on the theory that under the section he had a right to have year-round occupancy of trailers in his park and that such occupancy did not constitute the extension of a nonconforming use within the contemplation of the regulation. A public hearing on the appeal was held on May 12, 1955, and on May 16, 1955, the zoning board of appeals sustained the order of the enforcement officer. The plaintiff appealed from this action of the board to the Court of Common Pleas, where his appeal was sustained and the decision of the board reversed. The holding of the court below was that there was nothing in § 14 of the zoning regulations which in any way restricted the year-round use of the trailer park as an extension of a nonconforming use.

Viewed in terms of widest legislative intent, the purpose of zoning ordinances such as the one presently considered is to confine certain classes of buildings and uses to certain localities. So far as a nonconforming use is inconsistent with this objective, the nonconforming use should, consistently with the property rights of the individuals affected and substantial justice, be reduced to conformity as quickly as possible. The general method of accomplishing this end is to prevent any increase in the nonconformity and eventually to lessen and do away with the nonconforming use. *Lathrop* v. *Norwich,* 111 Conn. 616, 622, 151 A. 183; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 A. 273; *Darien* v. *Webb,* 115 Conn. 581, 585, 162 A. 690; *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 A. 615; note, 147 A.L.R. 167, 168; cf. note, "Amortization of Property Uses

Not Conforming to Zoning Regulations," 9 U. Chi. L. Rev. 477.

Whether the Coventry zoning regulations prohibit an extension of a nonconforming use in time as well as in space (the more common problem) is the issue presently before us. The resolution of this problem depends upon the construction placed on § 14 (2) of the regulations. Does the use of property during the whole year rather than just a portion of the year constitute the extension of a nonconforming use at the expense of a conforming use? In light of what has been previously stated as to the intent of zoning regulations generally, it is manifest that an extension in time is in fact a type of extension proscribed by the regulations and is consequently an extension which calls for the application of the principle that "nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit—[i]n no case should they be allowed to increase." *Salerni* v. *Scheuy,* 140 Conn. 566, 570, 102 A.2d 528; *Stern* v. *Zoning Board of Appeals,* 140 Conn. 241, 244, 99 A.2d 130. Here there was a prolongation of a nonconforming use into a season in which the use had not existed at the time of the passage of the regulations. Year-round use of the trailer park may then have been contemplated by the owner, but it had never become an accomplished fact, and the actual use was limited to the warmer months. Any extension of the use of the park beyond the months during which it had previously been used would be in fact, as well as in law, the extension of a nonconforming use at the expense of a conforming one. Any extension, either in time or in space, of the use beyond the one current at the time of the passage of the Coventry regulations is a proscribed extension of a nonconforming use and is certainly not conso-

nant with the policy of the regulations themselves.

Evidence was admitted as to the effect of the increased use of the trailer park on the surrounding property. If the phrase "at the expense of a conforming use" in § 14 (2) is interpreted in terms of the economic effects on the surrounding property, the testimony heard was of relevance, because there was uniformity of opinion as to the unfortunate effect year-round use of the trailer park would have on the surrounding property. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 163, 32 A.2d 635. Section 14 (2) can be interpreted as prohibiting the extension of a nonconforming use at the economic expense of the conforming uses surrounding it.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.