RAYMOND E. HACKETT ET AL. *v.* ROOSEVELT SCHOOL, INC., ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued February 4—decided March 6, 1958

*Abraham D. Slavitt* and *Leonard S. Hermann,* with whom, on the brief, was *Robert A. Slavitt,* for the appellant (defendant The Roosevelt School Corporation).

*Bernard Glazer,* with whom were *Warren Eginton, Arnold Bai* and, on the brief, *David Goldstein,* for the appellees (plaintiffs).

KING, J.  None of the claimed corrections of the finding would benefit the defendant The Roosevelt School Corporation, hereinafter called the defendant, in the view which we take of the case.  The facts

essential to an understanding of our decision may be rather simply stated.

Shippan Point, in Stamford, is a peninsula jutting out into Long Island Sound and consequently has a large amount of shore front. The plaintiffs are owners of residential properties in an area in which the defendant operates a coeducational private boarding school for grades one through twelve. The defendant has abandoned its claim of any right to conduct a summer day camp, and the plaintiffs do not claim that the defendant is not entitled to operate its school during the period from September into June. Thus the issue is narrowed to the defendant's right to operate a summer school.

On three basic, independent grounds the plaintiffs claimed, and the court granted, injunctive relief forbidding the operation of a summer school. The first ground was that such operation constituted a violation of the so-called Moses Rogers restrictions. The second ground was that it constituted a violation of the Shippan Point Land Company restrictions. The third ground was that it constituted a nuisance.

The Moses Rogers restrictions in terms apply to all the defendant's property. The Shippan Point restrictions in terms apply to all of it except the lots fronting on Shippan Avenue on which the school building proper stands. There is no claim that it would be feasible for the defendant to conduct a summer session without utilizing the portion of its property subject to the Shippan Point restrictions, since that portion includes the school chapel and the athletic field. Consequently, for the purposes of this appeal, the Shippan Point restrictions may be considered as though they in terms covered the defendant's entire school property.

The material portion of the Shippan Point restrictions provides that the land affected "shall be used for private residence purposes only." It needs no argument to demonstrate that this language in terms precludes a use for school purposes.

In 1946, the plaintiffs Hackett and Moritz and one Helen W. Betts instituted injunctive proceedings against the Eastern Military Academy, Inc., a predecessor in title of the defendant, claiming a violation of both sets of restrictive covenants and also a nuisance. They obtained a judgment which in effect enjoined any violation of the restrictions beyond the violations which had been involved in the operation of the Low-Heywood School, a day and boarding school for girls which had been conducted on the property now owned by the defendant from a date prior to 1917 until the premises were acquired by the Eastern Military Academy in 1944. The present plaintiffs acquiesce in the decision of the court in the prior case that whatever violations were involved in the operation of the Low-Heywood School had been waived and consequently had become in effect permitted uses. The Roosevelt School has occupied the school property since 1952, and in 1953 commenced the operation of a coeducational summer school for "teen-agers." These pupils are generally not those enrolled in the regular session but are students who have experienced difficulty with regular studies elsewhere and are making up their deficiencies by summer work. The present action was instituted in May, 1954.

The defendant claims that since it may operate its school during the usual months of the school year, it necessarily is entitled to operate it during the entire calendar year. In support of this claim it argues that modern educational practices call for year-

round operation of a school such as this. It is of no moment whether this contention is, from an educational standpoint, correct or incorrect. This is not a case where the operation of a school, as such, whether by waiver or otherwise, is a permitted use so that the question is whether the word "school," under present educational practices, should be construed as embracing a summer session. See *Langbein* v. *Board of Zoning Appeals,* 135 Conn. 575, 578, 67 A.2d 5. Here the Shippan Point restrictions in terms forbid the operation of any sort of school at any time of the year. Solely because of the waiver of the Low-Heywood School violations, the defendant may continue the same violations. The Low-Heywood School did not involve any summer operations. Therefore the waiver did not, and could not, extend to such operations. "Waiver is the intentional relinquishment of a known right . . . ." *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 475, 196 A. 344. "[W]here one lacks knowledge of a right there is no basis upon which a waiver of it can rest." Ibid. Unless and until there was an attempt to conduct a summer school, there was no right in existence which the plaintiffs could waive. The court was not in error in granting the injunction.

The operation of the school between September and June in violation of the restrictions would not authorize an extension of the violation by its operation during the summer months. *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 734, 137 A.2d 756. To be illegal, an extension of a permitted use need not necessarily consist of additional uses of a different character. It may consist of uses of the same character carried on over a substantially additional period of the year. Ibid.

The conclusion we have reached makes unneces-

124

sary any discussion of the other two grounds on which the court based its judgment.

There is no error.

In this opinion the other judges concurred.