This appeal concerns premises located at 35 Ward Street, Norwalk, Connecticut, owned by Sandie Donofree. This building is located at the corner of Ward Street and Ohio Avenue in Norwalk and consists of a small apartment and a store. This property was purchased by Donofree in 1954. The building was constructed in 1922, and the store was first used as a restaurant without alcoholic liquor. The restaurant use of the premises ceased in 1930, and the premises were then used for a grocery store until about 1935, when the Drapo Feed Store moved in. The Drapo Feed Store occupied the premises until around 1950, when the Bassler Bottled Gas and Appliance Company took over the premises. Thereafter, the premises were successively occupied by the Santaniello Appliance Store, the Finkenstadt Appliance Store, F. Makovick, Connecticut Bus Company, Norwalk Plumbing Company, Nardi Plumbing Company, and the Nutmeg Printing Company. From the time the building was constructed until the time in 1965 that Donofree sought a liquor use for the building, the premises had either been used for business purposes or had been held out for rent as the site for a business use.
In 1929 the city of Norwalk adopted zoning regulations, and this property was placed in a residential zone. The existing business use of the property, therefore, became nonconforming.
Prior to September 24, 1965, Donofree obtained a certification from William R. Guarnieri, who is the zoning officer and building inspector of the city of Norwalk, on an application to the liquor control commission, that said premises at 35 Ward Street constituted a lawful nonconforming use for a liquor package store. The plaintiff Mervin Grushkin, who owns and operates a liquor store in the vicinity of said 35 Ward Street, at 225 Main Street, Norwalk, *Page 459 
appealed to the defendant zoning board of appeals of the city of Norwalk from said certification by the defendant William R. Guarnieri, requesting that the zoning board of appeals reverse the decision of said William R. Guarnieri and notify the liquor control commission of the state of Connecticut of such reversal.
A hearing was held by the defendant zoning board of appeals on this appeal on January 6, 1966. On January 11, 1966, the defendant zoning board of appeals requested an opinion as to whether or not the discontinuance of a business use at 35 Ward Street constituted an abandonment of the nonconforming status of said premises and whether or not establishment of a liquor store therein would increase the nonconforming status over the previous nonconforming use of said property. On January 24, 1966, the corporation counsel of the city of Norwalk furnished to the board a written opinion in which he stated in substance that the zoning regulations of Norwalk did not permit a switch from a nonconforming use to a retail liquor store, a retail liquor outlet at 35 Ward Street in Norwalk would be in violation of the zone regulations, and therefore the defendant William R. Guarnieri had no right under the law to make the certification. On February 17, 1966, the defendant zoning board of appeals denied the appeal of the plaintiff Mervin Grushkin, even though the board voted three to two in favor of directing the zoning officer to revoke the liquor store permit certification. The appeal was denied because four votes were needed to carry the motion.
The plaintiff Mervin Grushkin and the plaintiffs Donald McQuaid, Shirley McQuaid and Louis Hall, who own property on Ohio Avenue in Norwalk, are found to be aggrieved persons for purposes of this appeal. *Page 460 
It is apparent from the stipulation filed with the court that Donofree's property has always been used for business purposes except for limited periods of time when the owner was unable to find tenants. From the facts submitted, it appears that there has never been an abandonment of the nonconforming use of this property. Abandonment requires an intention to relinquish and permanently cease to exercise a known right to use the property as nonconforming. This intention must be evidenced by an overt act or failure to act sufficient to support the application of such intent. Lehmaier v. Wadsworth,122 Conn. 571; Darien v. Webb, 115 Conn. 581.
The main question to be resolved in this case is whether or not the Norwalk zoning regulations prohibit the change from one type of nonconforming use to another type of nonconforming use which permits the sale of alcoholic liquor.
Local governments may regulate and restrict liquor traffic in particular zones or districts. Stateex rel. Haverback v. Thomson, 134 Conn. 288. Section 7A of the zoning regulations of the city of Norwalk (Norwalk Code § 118-11 [1966]) establishes the conditions for the existence of retail liquor package stores in Norwalk. This section was adopted and became effective on March 9, 1955. Subsection (1) provides that no buildings or premises in a residential zone which were not used for the sale of liquor on that date could then or at any time thereafter qualify as a nonconforming use for that purpose. If said premises on March 9, 1955, were being used for the sale of alcoholic beverages, a nonconforming use would exist and would be permitted to continue in accord with subsection (4) of § 7A. Subsection (4) permits the liquor use to continue only so long as that use on the premises has not been discontinued for a period in excess *Page 461 
of sixty days. If the use has been discontinued for such a period, it may not be resumed.
the property in question is located in a residential zone. There has been no prior liquor use of this property and under § 7A of the zoning regulations this property cannot qualify for approval as a nonconforming use for a liquor outlet, since on March 9, 1955, this property was not used for that purpose.
The defendants argue that § 8 of the zoning regulations (Norwalk Code § 118-12 [1966]) expressly permits changes of nonconforming uses. In view of § 7A of the regulations, which concerns itself with liquor outlets, this court is of the opinion that these regulations do not allow a change of a nonconforming use such as this property enjoyed to a retail liquor store nonconforming use. Subsection (7) of § 7A of the regulations reads: "All regulations and parts of regulations inconsistent herewith are repealed." It appears that any part of § 8 which may be interpreted as permitting a switch from a nonconforming use to a nonconforming liquor outlet use, even though on March 9, 1955, the premises were not being used for the sale of alcoholic liquor, is inconsistent with § 7A of the regulations and should therefore be considered repealed.
Section 7A of the Norwalk zoning regulations establishes definite standards for the zoning board of appeals to follow. The sale of liquor is considered to have a far more harmful effect upon the health and welfare of the community than an ordinary business. Miller v. Zoning Commission,135 Conn. 405, 408. Although our Liquor Control Act (General Statutes, c. 545) controls the various places which may dispense liquor, the potential menace of the liquor traffic persists. O'Connor v.Board of Zoning Appeals, 140 Conn. 65, 71. The *Page 462 
Norwalk zoning board of appeals refused to recognize § 7A as controlling.
Section 8 of the Norwalk zoning regulations states in substance that a nonconforming use may be changed subject to the following regulation: "b. No nonconforming use shall be extended so as to diminish the extent of a conforming use." This regulation also would prevent the property in question from being used for liquor purposes even if § 7A did not exist. The liquor business is different from ordinary businesses and may be dangerous to public health, safety and morals. Bania v. NewHartford, 138 Conn. 172, 177. The operation of a package store, compared to the previous uses of defendant's property, would create longer business hours, more traffic and more police surveillance because of the nature of the business. No liquor has ever been sold on this property at 35 Ward Street. The intended change from a nonconforming business use to a nonconforming liquor use constitutes an increase in use. The ultimate goal of zoning is to eliminate nonconforming uses. Woodford
v. Zoning Commission, 147 Conn. 30, 33. The method of accomplishing this is to prevent any increase in the nonconforming use and eventually to lessen and do away with the nonconforming use.Beerwort v. Zoning Board of Appeals, 144 Conn. 731,733.
The court is of the opinion that the zoning board of appeals acted arbitrarily and illegally and in abuse of its discretion by denying Mervin Grushkin's appeal from the certification.
 Plaintiffs' appeal is sustained.