RUSSELL E. WEYLS ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF TRUMBULL ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued October 6—decided October 27, 1971

*Aaron A. Levine,* for the appellant (named defendant) and *Frederick F. Ehrsam,* for the appellant (defendant Pinewood Lake Association, Inc.).

*Gerard S. Spiegel,* for the appellees (plaintiffs).

SHAPIRO, J.   The question determinative of this appeal is whether the trial court erred in concluding that winterizing the plaintiffs' cabin and year-round occupancy of it was not an extension of a nonconforming use in violation of the zoning regulations of the town of Trumbull.

Trumbull adopted zoning regulations in 1938 in accordance with the provisions of the predecessor of chapter 124 of the General Statutes.  On October 15, 1959, the town adopted an amendment, entitled "Section 4.  Non-Conforming Uses," which provides, in part, that any building or use legally existing on the effective date of the zoning regulations or any amendment thereto, which does not comply with the regulations or amendments, may be continued, except that: "B.   No non-conforming use shall be

enlarged or increased or changed to a non-conforming use which contravenes to a greater extent these regulations or the purposes of zoning as set forth in Chapter 124 of the General Statutes." General Statutes § 8-2 authorizes the enactment of zoning regulations and the manner of their adoption by a zoning commission and states, in part, that "[s]uch regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations."

When Trumbull's zoning regulations were adopted in 1938, the plaintiffs' cabin existed at its present site in a group of cabins on the southeast side of a small lake in the town of Trumbull. The building then was not winterized. It was used during the summer months as a part of a summer resort facility. It is uncontested that the cabin, thirty by twenty-five feet in size, is a structure in nonconformance with the zoning regulations of the town. The plaintiffs purchased the cabin on July 13, 1965, and used it as a year-round residence. The cabin had been winterized without a building permit a few years before the plaintiffs purchased the property but at a time when zoning in Trumbull was in effect.

On November 16, 1966, Russell Weyls, one of the plaintiffs, received a letter from the Trumbull building inspector and zoning enforcement officer stating that "[z]oning regulations prohibit the regular year-round use and occupancy of the cabins at Pinewood" and that he "forthwith cease, desist, discontinue and refrain from occupying the cabin at 33 Pinewood Trail." On November 25, 1966, the plaintiffs appealed from that order to the zoning board of appeals. Following a public hearing and an executive session held on February 1, 1967, the board denied

the appeal. The plaintiffs then appealed from the board's decision to the Court of Common Pleas. On December 11, 1969, the court reversed the action of the zoning board of appeals and ordered it to vacate the cease and desist order of the zoning enforcement officer. The court concluded that although there is a reference in the zoning regulations which prohibits the extension of any nonconforming use, those regulations, nevertheless, "do not prohibit the winterizing of the cabins nor do they prohibit the year-round use of same," and that "[s]aid occupancy cannot be said to be in violation of § 8-2, Connecticut General Statutes."

There was, here, a prolongation of a nonconforming use into a season in which such use had not existed at the time of the passage of the regulations. Whether the Trumbull zoning regulations prohibit an extension of a nonconforming use in time as well as space depends on the construction placed on § 4 (B) of the regulations. This court faced a similar problem in *Beerwort* v. *Zoning Board of Appeals*, 144 Conn. 731, 137 A.2d 756. We held, in that case, that the year-round use of the property constituted an extension of a nonconforming use, noting that the purpose of zoning ordinances such as the one presently before us is to confine certain classes of buildings and uses to certain localities. This court further observed that to the extent that a nonconforming use is inconsistent with this objective, the use should, consistent with the property rights of those affected and in substantial justice, be reduced to conformity as quickly as possible. We concluded (p. 733) that "[t]he general method of accomplishing this end is to prevent any increase in the nonconformity and eventually to lessen and eliminate the nonconforming use. *Lathrop* v. *Norwich*, 111 Conn. 616, 622, 151

A. 183; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 A. 273; *Darien* v. *Webb,* 115 Conn. 581, 585, 162 A. 690; *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 A. 615." See also *Baccante* v. *Zoning Board of Appeals,* 153 Conn. 44, 47, 212 A.2d 411; *Jobert* v. *Morant,* 150 Conn. 584, 587, 192 A.2d 553; *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 442, 190 A.2d 594; *State* v. *Perry,* 149 Conn. 232, 235, 178 A.2d 279; *Guilford* v. *Landon,* 146 Conn. 178, 182–83, 148 A.2d 551. As we observed in *Hackett* v. *Roosevelt School, Inc.,* 145 Conn. 119, 123, 139 A.2d 608, citing the *Beerwort* case, supra: "To be illegal, an extension of a permitted use need not necessarily consist of additional uses of a different character. It may consist of uses of the same character carried on over a substantially additional period of the year."

An increase in the use of property from the summer months to a year-round use is clearly a type of enlargement intended to be proscribed by the Trumbull zoning regulations. It is an extension that calls for the application of the principle that " 'nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit—[i]n no case should they be allowed to increase.' *Salerni* v. *Scheuy,* 140 Conn. 566, 570, 102 A.2d 528; *Stern* v. *Zoning Board of Appeals,* 140 Conn. 241, 244, 99 A.2d 130." *Beerwort* v. *Zoning Board of Appeals,* supra, 734. Any extension of the use of the plaintiffs' cabin beyond the months during which it had been used before the adoption of zoning by Trumbull is in fact, as well as in law, the extension of a nonconforming use and in conflict with the zoning regulations of the town.

The defendant Pinewood Lake Association, Inc., on its own motion was permitted to intervene in

the Court of Common Pleas as a party defendant. In its memorandum of decision the court related that this defendant claimed that the plaintiffs violated a provision of its regulations which permitted occupancy of the cabins for only a part of the year. The court, however, made no determination of this defendant's claim and decided only the merits of the action taken by the zoning board of appeals. In the judgment file of December 11, 1969, the court followed the same course and found the issues for the plaintiffs. The assignment of errors is completely devoid of any claimed error which would relate to the defendant-appellant Pinewood Lake Association, Inc. The court made no finding of facts since it was unnecessary in this case. Where no finding of facts is necessary, the first paper aside from the appeal itself which the appellant must file is his assignment of errors. Practice Book § 612; Maltbie, Conn. App. Proc. § 125.

This court shall not be bound to consider any errors on an appeal unless they are specifically assigned and unless it appears on the record that the question was distinctly raised at the trial and was ruled on and decided by the court adversely to the appellant's claim or that it arose subsequent to the trial. Practice Book § 652; *American Brass Co.* v. *Ansonia Brass Workers' Union,* 140 Conn. 457, 463, 101 A.2d 291; *Soderstrom* v. *Country Homes of Norwalk, Inc.,* 132 Conn. 381, 387–88, 44 A.2d 698; *Mead* v. *Greenwich,* 131 Conn. 273, 276, 38 A.2d 795. Accordingly, we do not consider the appeal of Pinewood Lake Association, Inc.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant zoning board of appeals.

In this opinion the other judges concurred.