The principal issue presented by this appeal is whether the defendant welfare commissioner acted arbitrarily, illegally, or in abuse of his discretion in denying the application of the plaintiff wherein she sought reimbursement for transportation expenses incurred by her individually and on behalf of her minor children in connection with visits to medical and dental offices.
the undisputed facts of this case reveal that the plaintiff and her four children are recipients of benefits under the aid for dependent children program. The plaintiff, who suffers from many ailments, was required to make numerous trips to physicians and clinics during the period from February 16, 1970, to June 7, 1971. During that period her *Page 597 
children required dental care. The only transportation available to the plaintiff and her children for those medical and dental services was by means of taxis. After consultation with an agency worker, the plaintiff, in July, 1971, made application for reimbursement in the amount of $111.30 for medical and dental transportation during the above-stated period. The agency worker denied the application on the grounds that the recipient failed to obtain prior approval where a series of planned trips was involved, the forms that were submitted were incomplete, and the recipient was not eligible for reimbursement until her personal incidental allowance was exceeded by the costs of those trips.
The aid for dependent children program, hereinafter referred to as AFDC, is one of three major categorical public assistance programs established by the Social Security Act. 49 Stat. 627, as amended, 42 U.S.C. § 601-610 (1970). It is financed mainly by the federal government on a matching fund basis but is administered by the states. While states are not required to participate in the program, practically every state does take advantage of the substantial funds available for distribution to needy children. As a condition for acceptance of those funds, each state is required to submit an AFDC plan for approval by the secretary of health, education and welfare, and that plan must conform with the requirements of the Social Security Act and with the rules and regulations promulgated by the federal agency.
Section 17-82d of the General Statutes empowers the commissioner to "grant aid in such amount, determined in accordance with levels of payments established by the commissioner, as is needed in order to enable the applicant to support himself, or, in the case of aid to dependent children, to *Page 598 
enable the relative to support such dependent child or children and himself, in health and decency, including the costs of such medical care as he deems necessary and reasonable . . . for medical, dental and allied services and supplies." Section 17-83 (a) of the General Statutes provides that "the commissioner shall make regulations necessary to enable him to carry out the provisions of this chapter." As a result of that authority, the commissioner promulgated many policies, one of which is index 223.41 of volume 3, chapter III, of the Connecticut State Welfare Manual,[1] governing reimbursement for medical transportation. *Page 599 
On the denial of her request for reimbursement by the agency worker, the plaintiff requested and received a fair hearing pursuant to 17-2a of the General Statutes. After the fair hearing, the hearing officer made a finding that was insufficient, ambiguous, and inadequate to support his decision upholding the denial of the plaintiff's request for reimbursement. It is unclear whether the hearing *Page 600 
officer found that the plaintiff had an adequate personal allowance to cover the cost of transportation, or that the trips involved were unplanned, or that the trips were considered as a planned series. The transcript fails to support a finding for any of the aforementioned elements, which form the basis of the reimbursement provided by index 223.41. In order for the decision of the hearing officer to stand, the decision must be supported by findings of fact on any issue which is necessary to support it. When a hearing officer in an administrative capacity fails to make such a finding of fact, the case should be remanded for that purpose. Wilson Point Property Owners Assn. v. Connecticut Light Power Co., 145 Conn. 243,252; Almada v. Administrator, 137 Conn. 380, 392.
It should also be noted that, in appeals from the action of an administrative agency, the court can go no further than to decide whether the action of the agency was illegal, arbitrary, or an abuse of discretion. DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589; Bartram v. Zoning Commission, 136 Conn. 89, 96. In a limited sense, it constitutes an abuse of discretion for a hearing officer to reach a decision that is not supported by a sufficient and unambiguous finding of fact.
Initially the plaintiff assigned as error the court's failure to consider the plaintiff's constitutional claims. The court below did not err in holding that constitutional questions should be left to a court of higher jurisdiction. State v. Muolo, 119 Conn. 323, 326. It is therefore incumbent on this court to consider the plaintiff's constitutional claims. It is well established that, when a question of constitutionality is raised, the court is "bound to approach the question from the standpoint of upholding the legislation as a valid enactment unless there is no reasonable *Page 601 
ground upon which it can be sustained. Cyphers v. Allyn, 142 Conn. 699, 705 . . .; Lyman v. Adorno,133 Conn. 511, 514 . . . . The burden of proving unconstitutionality rests on the plaintiff. Roan v. Connecticut Industrial Building Commission, 150 Conn. 333,338 . . . ." Langs v. Harder, 165 Conn. 490, 501.
The main issue in this case is subsumed under the plaintiff's third and fifth assignments of error which respectively allege that the court erred in not finding a denial of due process and equal protection and in not finding that the commissioner acted illegally, arbitrarily, or in abuse of his discretion. The issue can be stated in this way: Is the welfare policy reasonable which requires according to index 223.41 that forms for a series of planned trips be submitted before the trips are taken in order for the recipient to receive reimbursement for medical transportation?
An administrative body is limited to the making of reasonable rules and regulations within the scope of its grant of power. Loglisci v. Liquor Control Commission, 123 Conn. 31, 37; Ingham v. Brooks, 95 Conn. 317, 329. In index 223.41, the welfare department had developed a policy which provided an extra grant of money to AFDC recipients who were unable to meet the cost of medical transportation out of their monthly personal allowance. In order to receive those additional funds, the recipient had to submit a form if a series of planned trips was contemplated in the future. That advance request for reimbursement allowed the welfare department to determine the validity of the recipient's claim and allocate additional funds only to recipients with an actual need above the regular monthly award. The policy also allowed the welfare department to safeguard against fraudulent requests. Moreover, emergency trips and those *Page 602 
made while the recipient was awaiting a decision on his request were treated as single trips which did not require prior approval to obtain reimbursement for the transportation costs. No recipient was thus subjected to undue hardship when necessary medical treatment was involved.
The policy is clearly reasonable. The welfare department cannot dispense public funds on demand. Most agencies and organizations, governmental and nongovernmental, which disburse funds require the claimant to complete some kind of form before disbursement is authorized. Insurance companies, for example, typically require policyholders to file claim forms before releasing funds. Although the completion of a form may be an inconvenience, we cannot see how it causes undue hardship to the AFDC recipient.
In addition, the plaintiff's contention that the policy constitutes a denial of equal protection and due process has no merit. The United States Supreme Court has made it clear that under the AFDC program the welfare commissioner has wide discretion to adopt policies and regulations with regard to the allocation of limited public welfare funds among the many current and potential recipients. Dandridge v. Williams, 397 U.S. 471, 487; King v. Smith, 392 U.S. 309, 318. Such discretion is implicit in the federal statute itself which provides that the AFDC program is "[f]or the purpose of encouraging the care of dependent children . . . by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents and relatives with whom they are living." 42 U.S.C. § 601 (1970).
To meet the requirements of the equal protection clause of the fourteenth amendment, a classification *Page 603 
in the area of economics and social welfare must have a reasonable basis only. "[A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." Dandridge v. Williams, supra, 485. Under that well-established meaning of the equal protection clause, it is clear that the welfare policy embodied in index 223.41 is constitutionally valid. Williamson v. Lee Optical Co., 348 U.S. 483, 489. A solid foundation for the policy can be found in Connecticut's legitimate interest in allocating the limited additional funds available for medical transportation only to AFDC recipients who demonstrate actual need.
Furthermore, the welfare policy itself did not deny the plaintiff due process of law. It is well established that due process is a varying standard, the extent of the process due depending on the nature of the interest at stake and the context in which it has been impaired. Goldberg v. Kelly, 397 U.S. 254, 262. Under 17-2a and 17-2b of the General Statutes the plaintiff had the opportunity, of which she took advantage, to request a fair hearing on the decision of the commissioner and to appeal from the decision of the fair hearing officer. That procedure clearly satisfies the due process requirement of an opportunity to be heard. Boddie v. Connecticut,401 U.S. 371, 377.
As to fair hearing procedures, due process requires, at a minimum, an impartial decision maker. Simard v. Board of Education, 473 F.2d 988,993. There is no claim in this case that the fair hearing officer was not impartial. Even when the minimum requirements of procedural due process are met, however, basic substantive due process guarantees against arbitrary and capricious official action still apply. Beatham v. Manson,369 F. Sup. 783, 791. *Page 604 
We conclude that the hearing officer in this case acted arbitrarily only to the extent that he failed to support his decision with an adequate finding of fact. The plaintiff has failed to establish sufficiently in her two other allegations that the hearing officer failed to call an important witness and that the transcript was incomplete, action so arbitrary as to result in a denial of due process.
In her fourth assignment of error the plaintiff contends that the court erred in refusing to find a violation of Title XIX of the Social Security Act; 79 Stat. 343, as amended, 42 U.S.C. § 1396-1396i (Sup. III 1973); and the regulations promulgated thereunder. In substance the plaintiff's claim is that the welfare department should have administered its policy of medical transportation reimbursements under Title XIX rather than as part of the AFDC program. There is, however, more than sufficient authority to support the administration of that policy under the AFDC program and the regulations promulgated thereunder. One of the mandatory services that a state must provide under its AFDC program is health-related services. 45 C.F.R. § 220.24 (1974). Under 45 C.F.R. § 221.9 (b) (18) (1974), the state AFDC program must also provide for transportation services, defined as "transportation necessary to travel to and from community facilities or resources for receipt of mandatory or optional services." Thus the welfare department policy of index 223.41 was squarely within the requirements of the federal laws regarding provision of services to AFDC recipients. See Morgan v. White,168 Conn. 336, 345. It is clear that the regulations promulgated under Title XIX are not relevant to this case.
The plaintiff's last assignment of error is that the court erred in reopening default and denying the plaintiff's motion for production and disclosure. A *Page 605 
motion for default was granted by the court below for the defendant's failure to comply with a motion for production and disclosure. The default was subsequently reopened on the ground that the action was a record appeal in which motions for disclosure and production do not apply. At issue is whether the appeal is a "civil action" within the meaning of 167 of the Practice Book, which authorizes discovery in such actions.
Under 17-2b (b) of the General Statutes, judicial review of a fair hearing is limited to the record of that hearing. The court can only determine that the findings of the hearing officer are supported by substantial and competent evidence or that the hearing officer has acted illegally, arbitrarily, or in abuse of his discretion. In an ordinary administrative appeal the rights of the parties are determined by the record. Hartford v. Public Utilities Commission,30 Conn. Sup. 299, 301. Thus the rules of discovery are not relevant in an administrative appeal. We conclude that an appeal pursuant to 17-2b (b) of the General Statutes is not a "civil action" as the phrase is used in 167 of the Practice Book.[2] The lower court therefore did not err in reopening default and denying the plaintiff's motion for production and disclosure.
The plaintiff's other contentions may be disposed of briefly. In her brief the plaintiff raises the issue of denial of Connecticut Medical Service payments by the welfare department. That issue was not raised at the fair hearing nor assigned as error and is therefore not properly before us. Weyls v. Zoning Board of Appeals,161 Conn. 516, 521. The plaintiff's second assignment of error is considered abandoned because she failed to pursue it in her brief. Fleischer v. Kregelstein, 150 Conn. 158, 159. *Page 606 
The fair hearing officer acted arbitrarily only to the extent that his decision was not based on an adequate and sufficient finding of fact.
 There is error in part, the judgment is set aside and the case is remanded with direction to render judgment returning the case to the defendant commissioner to be proceeded with in accordance with this opinion.
In this opinion BARBER and SPEZIALE, Js., concurred.