[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs, Francis A. Rafaniello and JC Associates, are the owners of a sit-down restaurant located at 240-242 Park Street, Bristol, Connecticut. The premises are located in a Neighborhood Business zone (BN zone), surrounded by properties zoned Single Family Residential (R-15) and Mixed Residential Overlay (RM).
On February 22, 1991, the plaintiffs submitted an Application for Special Permit for the purpose of "[e]xpansion of existing sit-down restaurant for construction of outdoor dining patio per site plan to be approved." On March 14, 1991, a hearing was conducted on the application by the zoning commission.
After closing the meeting, the commission denied the application based on a 3-2 vote. On March 18, 1991, the commission caused to be published in a newspaper of general circulation, notice of the decision denying the plaintiffs' application. On April 10, 1991, the plaintiffs filed this appeal in the superior court and served the defendant commission pursuant to General Statutes 8-8. The owner of the property that is the subject of the application is aggrieved and entitled to bring an appeal. Bossert Corp. v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968).
The plaintiffs are the owners of the property which is the subject of the application for a special permit. The plaintiffs CT Page 544 are aggrieved under General Statutes 8-8 and are able to maintain this action.
DISCUSSION
The plaintiffs argue, in their brief, that the zoning commission abused its discretion by allowing the City Planner to present testimony, in his official capacity, at the public hearing. Plaintiffs argue that the Bristol Code of Ordinance permits only "parties at interest and citizens" to be heard at the public hearing. Because the City Planner, in his official capacity, is neither a "party at interest nor a citizen," plaintiffs argue it was illegal to permit his testimony.
The plaintiffs further argue that by closing the public hearing following the testimony of the City Planner, and not allowing rebuttal, the commission acted contrary to its own regulations.
In their final claim, the plaintiffs argue that they were "entitled to have outdoor dining as a matter of right subject only to site plan approval by the Commission according to the Zoning Regulations of the City of Bristol, Connecticut."
"In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnership v. Planning and Zoning Commission, 218 Conn. 65, 72,588 A.2d 624 (1991). "[A] party challenging the action of a planning and zoning commission bears the burden of proving that the commission acted arbitrarily or illegally." Blaker v. Planning Zoning Commission, 212 Conn. 471, 478, 562 A.2d 1093
(1989).
Issues not raised at the agency level are not properly before this court. Helm v. Welfare Commissioner, 32 Conn. Sup. 595,605, 348 A.2d 317 (1975), citing Weyls v. Zoning board of Appeals, 161 Conn. 516, 521, 290 A.2d 350 (1971). Further, "[a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." State v. Ramsundar,204 Conn. 4, 16, 526 A.2d 1311 (1987).
The record reflects that the plaintiffs never objected to the City Planner's testimony, never requested the opportunity to rebut the statements made by the City Planner at the hearing, nor did they request the opportunity to cross examine him. Since there is no evidence before the court to indicate that the plaintiffs raised any objection at the hearing to the testimony CT Page 545 or to any alleged failure by the Commission to allow cross examinations or rebuttal, the plaintiffs' first and second claims are considered abandoned. It is further noted that there is the lack of any evidence, in the record, of an objection to the closing of the hearing or a request for rebuttal.
There is adequate evidence in the record to support the reasons given by the commission for its denial of the plaintiffs' application.
When a zoning commission states its reasons for its action, the trial court should confine its inquiry to two issues: "Whether the reasons given by the board were reasonably supported by the record; and whether those reasons were pertinent considerations which the board was required to apply under the applicable zoning regulations." Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 305, 305-6,362 A.2d 1375 (1975). "The zoning board's action must be sustained if even one of the stated reasons is sufficient to support it." Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56-7, 549 A.2d 1976 (1988).
Section X, A.8 of the Zoning Regulations provides in pertinent part:
 The Commission may grant a Special Permit after considering the health, safety and welfare of the public in general and the immediate neighborhood in particular, as well as the following factors:
 a. The location and size of the proposed use; the nature and intensity of the operations associated with the proposed use; the size, shape and character of the site in relation to the proposed use;
 b. The location, type, size and height of buildings and other structures associated with the proposed use in relation to one another and in relation to neighborhood development;
 c. The impact of the proposed use on traffic safety and circulation on neighborhood streets; the ability of such streets to adequately accommodate the traffic to be generated by the proposed use;
 d. The existing and future character of the neighborhood in which the use is proposed to be located, and the compatibility of the proposed use with the neighborhood. CT Page 546
The commission stated that the permit application was being denied for the following reason: "the intent and purpose of the Zoning Regulations under Section 1, Item 1: `To promote and protect the public health, safety and welfare of the residents of the City of Bristol, Connecticut and the public generally' would not be well served by the granting of this permit." (ROR, Item 1, p. 49).
At the public hearing, the commission heard both favorable and unfavorable testimony regarding the application for the special permit. The plaintiffs' attorney, Alfred Morrocco, testified in favor of the special permit, stating that the plaintiffs were merely asking to place five picnic tables outside on a seasonal basis. (ROR, Item 1, p. 2). He stated that the total number of seats, including the outside picnic tables would not exceed the maximum number of seats allowable at that site. (ROR, Item 1, p. 3). He stated that the plaintiffs did not intend to have music playing on the outside. (ROR, Item 1, pp. 3-4). He further stated that the plaintiffs intended to block off an existing entrance and exit to Muzzy Street, requiring all egress and ingress to be made via Park Street. (ROR, Item 1, p. 4).
Testimony was offered by various residents of the vicinity regarding the existing traffic, parking, noise and trash problems. (ROR, Item 1, pp. 14-30). Area residents testified that these existing problems would only increase with the approval of this special permit. (ROR, Item 1, pp. 16-17, 18, 25, 27). Further, a petition signed by approximately 30 area residents was submitted, opposing the application. (ROR, Item 7, Petition in Opposition).
At the close of the hearing, Commissioner Johnson commented on the close proximity of the restaurant and the abutting properties. (RPR, Item 1, p. 45). He expressed concern that there would be "a little bit of a safety zone between buildings on one property and buildings on another property." (ROR, Item with the close proximity of the parking area, with exhaust fumes, and the area in which food would be served. (ROR, Item p. 46). Commissioner Rimcoski expressed concern about adding to the existing parking problem. (ROR, Item 1, p. 11).
The record reasonably supports the commission's denial of the plaintiffs' application for a special permit, in that there was evidence that the proposed expansion of the restaurant could have an adverse impact on the traffic, parking, noise and trash in the neighborhood. Such were proper considerations for the commission pursuant to Section X, A.8, to consider on an application for a special permit. The reason stated by the commission for its denial of the plaintiffs' application is CT Page 547 reasonably supported by the evidence in the record.
The appeal is dismissed.
WALSH, J.