[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Olympic Village (Olympic) from an action of the Barkhamsted Zoning Board of Appeals (Board). After a hearing the court finds Olympic to be aggrieved and to have standing to appeal. See Section 8-8 of the General Statutes.
The record reveals that the zoning enforcement officer had issued an order requiring Olympic Village to cease and desist from using its premises for year round business activities and the Barkhamsted Board of Appeals upheld the zoning enforcement officer's order. This appeal then followed.
Central to this appeal is Olympic's claim that, notwithstanding a special exception allowing some business use of Olympic Village property from April to October agreed upon in 1980 by Olympic and its neighbors, Olympic had a non-conforming use before zoning which would allow the year round use of its facilities for educational outings.
The court finds that in 1980, in arriving at the agreement, Olympic stated the agreement's provisions "define the use of Olympic Village permissible as a non-conforming use." In signing the agreement Olympic stated that any extension beyond the agreement of its use of the property in terms of hours, months or nature of activities would be "an attempt to expand and/or alter the non conforming use and would be improper." The agreement specifically referred to student groups and outings and prohibited business activities including retail operations or events for the general public.
Based on Olympic's agreement its neighbors agreed to allowing business use under such limited conditions and Olympic's special exception was so granted in 1980. This agreement was presented to the Board in CT Page 663 these proceedings.
Olympic now argues that the agreement of 1980 only concerned recreational use of its property and not educational uses, which it now seeks to claim as non-conforming use. Under the circumstances above, Olympic's evidence for such a non conforming use, however, need not be accepted by the Board. The Board did have before it a factual basis supporting its decision that no such non conforming use existed and acted reasonably in so doing. See Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269, 270. Under Weyles v. Zoning Board of Appeals, 161 Conn. 516, 520 (1971) an effort, as here, to expand the seasonal use of the property would constitute an illegal extension of a non-conforming use.
Accordingly, the appeal is dismissed.
McDONALD, J. CT Page 664