[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appellants Richard J. and Barbara J. Ruggiero appeal to this court pursuant to General Statutes 8-8 from a decision of the Board of Zoning Appeals of the Town of Easton. The Board denied the Ruggieros application for relief from an order issued by the town's zoning enforcement officer restricting the use of a guest house located on their property. For the reasons stated below, the board's decision is affirmed.
In 1984, the Ruggieros purchased residential property at 75 Burr street. A house and a smaller structure are located on the property. The smaller structure, which is called the guest house, was built around 1920. Before Easton enacted zoning regulations in 1941 (Regulations 2.19), the guest house consisted of a small living space with an attached, open shed. (ROR #38, Transcript of Hearing p. 8) The living space in the guest house consisted of a living room, a very small bedroom, a bath with shower stall, and a fireplace. (ROR #38, Transcript of Hearing p. 10) The open shed was used to house tractors and garden equipment. (Id.) There was no heat in the guest house other than that provided by the fireplace. (Id.)
Sometime after 1970, the guest house was renovated. The shed was converted into living space, a kitchen was added, as well as heat and hot water. (ROR #28, Transcript of Hearing pp. 3, 8; ROR #13, 29) The Ruggieros made most of these changes. (ROR #15, 30) In 1990, they added a deck. (ROR #34, Report of Inspection) The guest house is presently occupied by tenants "on a more or less permanent basis". (ROR #22)
On January 23, 1991 the zoning enforcement officer issued a cease and desist order which states:
 An investigation of the subject premises by this office discloses that the following conditions presently exist: The detached CT Page 3057 accessory building known as the "Guest House" is being used as a second dwelling on the lot. Also a search of our records fails to show that Zoning Building Permits we [sic] obtained were [sic] to convert this building into a dwelling. These conditions violate section(s) Article IV, Paragraph 4.1.1[1] 
Article IX, Par. 9.2[2] of the Town of Easton Zoning Regulations.
(ROR #21). The order gave appellants thirty (30) days in which to discontinue and/or remedy the specified violations and conditions. (Id.)
The appellants timely appealed to the Zoning Board of Appeals from the zoning enforcement officer's order. The Board held a public hearing on May 6, 1991, (ROR #32) and on May 9, 1991, denied the appeal, thereby upholding the cease and desist order. (ROR #7) The Board gave two reasons for its denial; (1) the guest house is now being used as a second residence on the property; and (2) a search of the town records indicates that zoning and building permits to convert the guest house into a residence were not obtained. (ROR #7). The Ruggieros now appeal from the board's decision,
General Statutes 8-8 provides that "any person aggrieved by any decision of a board [of appeals] may take an appeal to the superior court. . . ." The appellants are aggrieved in that they are the record owners of the property which is subject to the cease and desist order. see Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953 (1991); Bossert Corp. v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968).
When a zoning board of appeals reviews a decision of the zoning enforcement officer, it acts in its administrative capacity. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 514, 264 A.2d 552
(1969). "[The] board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Connecticut Sand and Stone Corp. v. Zoning Board of Appeals, 150 Conn. 439, 442,190 A.2d 594 (1963). "Conclusions reached by the [board] must be upheld by the trial court if they are reasonably supported by the record," Primerica v. Planning Zoning Commission, 211 Conn. 85, 96558 A.2d 646 (1989). "The action of the [board] should be sustained if even one of the stated reasons is sufficient to support it." Id. The burden of proof is on the appellant to demonstrate that the board's CT Page 3058 actions were improper. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707, 535 A.2d 799 (1988).
The first reason given by the Board for upholding the cease and desist order is that the guest house is now being used as a second residence in violation of the zoning regulations. (ROR #7) Appellants do not deny that the guest house is now being used as a second residence (see Appellants' Brief, p. 6) but argue that the guest house, which predates the zoning regulations, has always been used as a second residence and thus is protected by the law of nonconforming use. A nonconforming use is defined as one which is "prohibited by the zoning regulations but is permitted because of its existence at the time that the regulations are adopted." Adolphson, supra, 710. The Board contends that the present use by the appellants is an unlawful expansion of the original nonconforming use. The first issue to be resolved is whether the nonconforming use has been illegally expanded.
Section 8-2 of the General Statutes provides for the continuation of nonconforming uses in existence at the time of the adoption of zoning regulations. See also Regulations 8.1. An existing nonconformity is a vested right which adheres to the land; Adolphson, supra, 712; and the property owner may continue the same use of his or her property as existed prior to the adoption of zoning regulations; Helbig v. Zoning Commission, 185 Conn. 294, 306,440 A.2d 940 (1981). The use that is protected is the actual use at the time regulations are enacted, not some future contemplated use. Karls v. Alexandra Realty Corp., 179 Conn. 390, 398, A.2d 784 (1980). "For a use to be considered nonconforming . . . that use must possess two characteristics. First, it must be lawful and second, it must be in existence at the time that the zoning regulation making the use nonconforming was enacted." Helicopter Associates, Inc. v. Stamford,201 Conn. 700, 712, 519 A.2d 49 (1986) (original emphasis). The test articulated by the Connecticut Supreme Court with respect to the second requirement is that "premises must be so utilized as to be known in the neighborhood as employed for a given purpose. Such utilization combines two factors: (1) the adaptability of the land for the purpose; (2) the employment of it within that purpose." Id., 713. The party claiming the benefit of a nonconforming use bears the burden of proving its validity. Cummings v. Tripp, 204 Conn. 67,82-83, 527 A.2d 230 (1987).
The appellants have provided no evidence that the use of the guest home at the time it became a nonconforming use was anything other than to house guests for short periods of time. On the other CT Page 3059 hand, there is substantial evidence in the record from which the Board could have determined that the structure was used in 1941 only to house guests for short periods of time. From 1941 until the present the building in question has been described on the tax assessor's records as a "guest house". (ROR #38, Transcript of Hearing, p. 2) AS late as 1970 the building had no hot water or heat, other than a fireplace, and the water lines had to be shut off and drained during the winter months. (ROR #38, Transcript, p. 10) A previous owner sought to convert the guest house into living quarters for an employee and applied in 1973 for a variance to install a kitchen. The request was denied. (ROR #28, 29; #38, Transcript of Hearing, p. 15) Prior to the Ruggieros' purchase of the property, the guest house was used solely by occasional guests of the occupant of the main house for periods of no longer than a week or two. Until the appellants purchased the property, the guest house was never occupied by paying tenants (ROR #14; #38, Transcript of Hearing, pp. 8, 10.)
Appellants point out that the guest house was built with no restrictions as to the length of time occupants could remain or as to their paying or non-paying status. Appellants argue that in the absence of a definition of "guest house" in the Regulations, the Board could only conclude that the guest house was a second residence. This argument mistakenly focuses on the fact the structure has been called a guest house. It is the use that is determinative, not what the use is called. The nonconforming use that is protected by law in this case is that use which was in existence when the Easton zoning regulations were adopted in 1941.
A change in the character of a nonconforming use can constitute an unlawful extension of that use. Zachs v. Zoning Board of Appeals,218 Conn. 324, 331, 589 A.2d 351 (1991). In deciding whether the activity in question is a change in the character of the nonconforming use, three factors should be considered: "(1) the extent to which the current use reflects the nature and purpose of the original use; (2) any differences in the character, nature and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting from differences in the activities conducted on the property." Id., 332.
Expanding the time during which a nonconforming use occurs can be an unlawful extension of such use. Weyls v. Zoning Board of Appeals, 161 Conn. 516, 520, 290, A.2d 350 (1971); See Cummings v. Tripp, supra; 83-86; Beerwort v. Zoning Board of Appeals, 144 Conn. 731,734, 137 A.2d 756 (1958); Hackett v. Roosevelt School, Inc., 145 Conn. 119, CT Page 3060139 A.2d 608 (1958). "The legality of an extension of a nonconforming use is essentially a question of fact." Helicopter Associates Inc. v. Stamford, supra, 716. Sections 8.2.2 and 8.2.3[3]
of the Regulations prohibit changing, expanding or multiplying a nonconforming use except where such change lessens the nonconformity. The use of the guest house as a year-round rental constitutes both a change in the character of the nonconforming use and an illegal expansion of the use under Easton's zoning regulations. The record supports the Board's conclusion that the present use of the premises is illegal.
With respect to the second reason given by the Board for denying the appeal, i.e. conversion of the guest house to a dwelling without the necessary building and zoning permits, the appellants argue that such permits are not needed to maintain a nonconforming use. They offer no legal support for that proposition. General statutes29-263 and 29-265 require that a building permit and certificate of occupancy be obtained from the building official of the municipality where construction or alteration of a building or structure occurs. Further, section 9.2 of the regulations requires that a certificate of zoning compliance be obtained before a building or structure is enlarged or altered where such addition or alteration would violate any provision of the Regulations.
There is substantial evidence in the record of structural alterations, including the replacement of the dirt floor in the shed with a concrete slab, the conversion of the open shed to living space, the installation of hot water and heating systems, and the installation of a kitchen. (ROR #13, 15, 38) The zoning enforcement officer testified that no permits were obtained before the changes to the guest house were made. (ROR #38, Transcript of Hearing, p. 7) The appellants did not deny that statement, nor did they offer evidence that such permits were requested or issued. The alterations of the guest house without the required permits violate state law and the zoning regulations of the Town of Easton.
The decision of the Board of Appeals is affirmed.
THIM, JUDGE