[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the Old Lyme Zoning Board of Appeals denying his application for a variance. The Zoning Board of Appeals acted pursuant to Connecticut General Statutes § 8-6. The appeal is brought pursuant Connecticut General Statutes § 8-8. The court finds in favor of the Zoning Board of Appeals.
The plaintiffs are aggrieved in that they are the owners of premises situated in the Town of Old Lyme, Connecticut consisting of a lot, with two buildings thereon, known as 75 and 77 Gorton Avenue. The larger of the two buildings, 77 Gorton Avenue, contains 4 dwelling units with 8 bedrooms, and the smaller of the two buildings, 75 Gorton Avenue, contains 2 dwelling units with a total of 5 bedrooms. The lot is a small lot, only 45 feet in width and 100 feet in depth comprising approximately 4500 square feet in area. The property is situated in an R-10 zone with a mandatory minimum size of 10,000 square feet. The property is nonconforming under the Zoning Regulations in several respects and is recognized as a preexisting nonconforming use due to the historical use of the premises prior to the adoption of the CT Page 9676 zoning ordinance. According to the Old Lyme Zoning Regulations, multiple dwellings with rental units are not permitted in this zone. (ROR Exh. 37, Sec. 21.1, Line 2.)
On February 2, 1992, the plaintiffs requested a variance from the Zoning Board of Appeals, being appeal number 92-14. Pursuant to said application, the defendant Zoning Board of Appeals granted the plaintiffs' request for variances in a decision dated February 24, 1992, but imposed several conditions on the granting of the variances which include:
 a. That both cottages, being numbers 75 and 77 Gorton Avenue, be limited to 12 week occupancy period as has been the case historically.
b. A 200 amp system will not be allowed.
c. No habitation allowed in the attic area.
d. Removal of sink and toilet in attic area.
 e. Installation of new septic system subject to approval of plans by the State Department of Health Services.
 f. Water saving fixtures used throughout numbers 75 and 77 Gorton Avenue.
g. No laundry facilities.
 h. No building permit issued until said conditions were met. (ROR, Exh. 2.)
On September 14, 1994, the plaintiffs submitted a new application to the Zoning Board of Appeals requesting a variance to eliminate the twelve week occupancy period of the property imposed by the Zoning Board of Appeals in its decision of February 24, 1992.
The defendant Zoning Board of Appeals held a public hearing on the plaintiffs' application on various hearing dates and on December 1, 1994 denied the plaintiffs' application and duly published its decision.
From said decision of the board, the plaintiffs have appealed CT Page 9677 to this court claiming two issues:
 1. Did the defendant Zoning Board of Appeals have the legal authority to impose the condition that the plaintiffs' property be used for a 12 weeks period only?
 2. Did the defendant Zoning Board of Appeals abuse its discretion in not eliminating the 12 week use restriction originally imposed by it with reference to the plaintiffs' property?
The premises in question is a preexisting nonconforming use. The current use of the property would be in total violation of the Zoning Regulations were it not for its status as a preexisting nonconforming use.
It is the very nature of this preexisting use that determines the ability of the premises to remain in violation of the Zoning Regulations. It is axiomatic that the purpose of the zoning is to eliminate preexisting nonconforming uses as quickly as possible and to further prevent any expansion of such uses. Weyls v.Zoning Board of Appeals, 161 Conn. 516, 520 (1971); Beerwort v.Zoning Board of Appeals, 144 Conn. 731, 734 (1958).
Since the premises exists as a preexisting nonconforming use, it is the nature of this use itself which determines the use of the premises in the future, if the premises are to remain a preexisting nonconforming use. During the course of the plaintiffs' prior appeal to the Zoning Board of Appeals, substantial discussion was had regarding the historical use of the premises being limited to the three summer months. The prior 1992 variance, which was granted by the Zoning Board of Appeals, contained a condition to the variance which clarified and memorialized the historical use of the premises, and to which the plaintiffs acceded. The plaintiffs, in seeking relief from the literal application of the Zoning Board Regulations to their property, agreed to the Zoning Board of Appeals' condition of the limited usage of the property as had been historically the case and as determined by the Zoning Board of Appeals to be factually accurate. At no time did the plaintiffs appeal the condition attached to their prior variance and, in fact, renovated the premises in accordance with the variance they had obtained.
Despite this, the plaintiff now argues in the first instance CT Page 9678 that the purpose of the present appeal was to seek elimination of a condition that should not have been imposed or for which any possible reason for the imposition is no longer necessary. This court does not agree that this was not a request for a variance and further cannot agree that this would not result in an expansion of a preexisting nonconforming use. The Zoning Board of Appeals was not in any way acting under a misconception and correctly identified this as an expansion of a preexisting nonconforming use.
The second prong of the plaintiffs' argument is a claim, unsupported by evidence, that the Zoning Board of Appeals abused its discretion in not eliminating the 12 week use restriction originally imposed in its 1992 decision. The court finds no merit in this position.
Even if these arguments had any worth, which they do not, it is impossible to find, in this case, how the plaintiffs' contentions are any different than the arguments set forth inUpjohn Co. v. Zoning Board of Appeals, 224 Conn. 96 (1992) a case in which after the time for which a direct appeal had passed, Upjohn attacked the validity of a condition the Zoning Board of Appeals had imposed three years prior. This court agrees with the court in Upjohn on the need for reliance, fairness and finality in zoning matters. The failure of the plaintiff in this case to file an appeal from the 1992 decision of the Zoning Board of Appeals precludes a 1994 appeal attacking a 1992 condition on a variance that the plaintiff accepted and did not challenge when required. This is not a case falling within any of the recognized exceptions to the ban on collateral attacks of this nature.
The appeal of the plaintiff is, therefore, dismissed.
O'KEEFE, J.